## APPEAL OF M. L. HEIDE.

Docket No. 1413.   Submitted May 14, 1925.   Decided Sept. 7, 1925.

Playing bridge for stakes is illegal under the laws of New York; therefore, the loss sustained by the taxpayer is not deductible. *Appeal of Mitchell M. Frey, Jr., et al., Executors, William B. Scaife Estate*, 1 B. T. A. 338.

*M. L. Heide*, pro se.
*Willis D. Nance, Esq.*, for the Commissioner.

Before IVINS and MORRIS.

This appeal is from the determination of a deficiency of $536.23 in income taxes for the year 1919 arising from the disallowance by the Commissioner of a loss of $2,770.60 sustained at auction bridge. From the pleadings and oral testimony presented at the hearing, the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a resident of Long Island, N. Y., and an officer of an insurance company in New York City. During the year 1919 he was a member of the New York Bridge Whist Club, which owns its clubhouse at 235 West Seventy-second Street, New York City. It is a duly chartered club under the laws of the State of New York and has a duly elected board of officers known as the Board of Governors. There are three prerequisites to membership, namely, the applicant must be a gentleman, must play a good game of bridge, and be passed upon by the card committee. During the year 1919 the membership of the club was limited to 200.

The rules of the club provide a minimum stake because of the rule that a table is public until six men are at it. The uniform stake of the club is 2 cents per point. The gains and losses are cleared through the secretary, who is a salaried employee of the club. The losses are recorded on a sheet or ledger and within 48 hours payment is forwarded to the secretary in his name as secretary. The club has two bank accounts in New York City and through these accounts the secretary clears the games by paying the gains and losses.

No money is passed at the table and nobody in the club shares in the winnings or in the losses except the actual players. The expenses of the club are paid through the membership dues. During the year 1919 the taxpayer suffered losses in the game of bridge at this club in the amount of $5,855 and made winnings of $3,084.40, the difference being the amount which he deducted in his return.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

MORRIS: The taxpayer contends that the losses sustained by him at auction bridge during the year 1919 are deductible under section 214(a)(5) of the Revenue Act of 1918, and that the decision of this Board in the *Appeal of Mitchell M. Frey, Jr., et al., Executors, William B. Scaife Estate*, 1 B. T. A. 338, to the effect that losses sustained in illegal gambling operations are not deductible under the above section is not controlling as the game of auction bridge as played at the New York Bridge Whist Club is not gambling prohibited under the New York statute, but is purely a game of skill. The game of bridge as played at the New York Bridge Whist Club is limited to experienced players, but we are unable to see any distinction in principle between playing bridge for stakes there and at any other place. The question resolves itself into whether playing bridge for stakes is illegal under the New York statutes. Sections 989 and 991 of the Penal Law of New York (McKinney's Consolidated Laws of New York, Annotated, Book 39) read as follows:

SEC. 989. *Forfeiture for exacting payment of money at gambling.*—A person who exacts or receives from another directly or indirectly any money or other valuable thing by reason of the same having been won by playing at cards, faro, or any other game of chance * * * forfeits five times the value of the money or thing so exacted or received * * *.

SEC. 991. *Illegal wagers, bets, and stakes.*—All wagers, bets, or stakes made to depend upon any race, or upon any gaming by lot or chance, or upon any lot, chance, casualty, or unknown or contingent event whatever, shall be unlawful.

Gambling is defined by Bouvier "as a contract between two or more persons by which they agree to play by certain rules at cards, dice, or other contrivance, and that one shall be the loser and the other the winner." This definition was cited with approval in *People* v. *Todd*, 4 N. Y. S. 25. Playing bridge for stakes clearly comes within it. Games of cards do not cease to be games of chance because they call for the exercise of skill by the players. *People ex*

*rel. Ellison* v. *Lavin*, (N. Y.) 66 L. R. A. 601. If there were any doubt in our minds that playing bridge for stakes is a game of chance under section 991 of the Penal Law of New York it would be dispelled by a reading of section 989 above quoted. The loss claimed by the taxpayer is not allowable. *Appeal of Mitchell M. Frey, Jr., et al., Executors, William B. Scaife Estate, supra.*

ARUNDELL not participating.