EDGAR B. TERRELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3132.	Promulgated July 29, 1927.

INCOME.—USURIOUS INTEREST.—During 1919 and 1920 petitioner was engaged in making small loans in the States of Minnesota and Texas at usurious rates of interest. Under the laws in force in those States the payer of such interest could, within two years, sue and recover from the lender the amount of such interest paid. The petitioner also sustained losses with respect to some of the loans, but the amount of interest received each year exceeded the amount of the losses. *Held*, that the amount of the interest received in excess of the losses is taxable and should be reported as gross income. *Appeal of James P. McKenna,* 1 B. T. A. 326; *Appeal of Mitchell M. Frey, Jr.,* 1 B. T. A. 338.

*I. Herman Sher, Esq.,* for the petitioner.
*P. S. Crewe, Esq.,* for the respondent.

In this proceeding the petitioner seeks a redetermination of his income-tax liability for the calendar years 1919 and 1920, for which the Commissioner has determined deficiencies in the sums of $176.78 and $443.48, respectively. Two errors are assigned in the petition: (1) That the Commissioner erred in including in the petitioner's taxable income certain usurious interest; and (2) that the Commissioner erred in refusing to allow as deductions certain losses sustained in connection with such usurious loans.

FINDINGS OF FACT.

The petitioner is an individual residing in San Antonio, Tex., whose principal business address is 710 Phoenix Building, Minneapolis, Minn. Prior to and during the years 1919 and 1920, the petitioner was engaged in the business of making small loans in the States of Minnesota and Texas, evidenced principally by unsecured notes, at rates of interest which were usurious under the laws of those States.

The loans made by the petitioner were divisible into two groups: (1) Those in which the loan was liquidated or was not paid at maturity, and a renewal was not made; and (2) those in which renewals were made one or more times before the loan was liquidated or resulted in a loss to the petitioner. It was customary for the petitioner to include the interest and fees charged for the loan as a part of the amount of the note received by him for the loan, with the result that the amount of each note in the first class of loans included principal, interest, and fees, and the amount of each note in the second class consisted of principal, interest, and fees unpaid on the previous note or notes, plus the interest and fees on the new principal of the last loan.

The petitioner kept his books of account upon the cash receipts and disbursements basis.

The petitioner duly filed his income-tax returns for the calendar years 1919 and 1920, showing a net income and resulting tax liability for each of the years as follows:

|  | 1919 | 1920 |
| --- | --- | --- |
| Net income | $13, 582. 23 | $18, 268. 83 |
| Resulting tax liability | 1, 035. 69 | 1, 713. 00 |

In determining the net income for 1919 and 1920, the petitioner included as taxable income the interest, fees, and charges on all usurious loans made in Texas and Minnesota on the first group of loans mentioned above as follows:

| Year | On loans made in Texas | On loans made in Minnesota | Tota |
| --- | --- | --- | --- |
| 1919 | $5, 598. 37 | $23, 419. 00 | $29, 017. 37 |
| 1920 | 7, 472. 05 | 34, 489. 45 | 41, 961. 50 |

In determining the petitioner's net income for 1919 and 1920, the respondent included, in addition to the above amounts reported by

the petitioner, the interest, fees, and charges on the notes contained in the second group. In so doing the respondent considered each renewal in the second group of loans as a new loan and held that each matured note was the equivalent of cash. The record does not show the amount of the interest, fees and charges that was actually received by the petitioner during the respective taxable years.

The petitioner, in connection with his usurious-loan business, sustained certain losses in the amounts of $1,580.80 and $3,056.42 for 1919 and 1920, respectively, by reason of the worthlessness, unenforcibility and uncollectibility of some of the loans.

In determining the petitioner's taxable net income for 1919 and 1920 the respondent allowed as deductions on account of the above mentioned losses, only the amounts of $288.26 and $345.94 for 1919 and 1920, respectively, which represented the principal only of all loans made in Texas, and disallowed the balance of $1,292.54 and $2,710.48 for 1919 and 1920, respectively, consisting of the principal of loans made in Minnesota and the interest on such loans made in either State which he included as taxable income in computing net income.

The Texas statutes in force during the years 1919 and 1920 provided that contracts for usurious interest were void as far as the interest only was concerned but that the principal of the loan could be recovered. They also provided that the payer of usurious interest could, by action of debt, within two years after payment, recover double the amount of usurious interest paid.

The Minnesota statutes in force during the years 1919 and 1920 provided that contracts for usurious interest were void as to both principal and interest except as to bona fide purchasers of negotiable paper, in good faith, for a valuable consideration and before maturity. They also provided that the payer of usurious interest could, within two years after payment, recover the amount of such usurious interest paid, provided that one-half of the amount so recovered was to be paid into the treasury of the county where collected for the use of the common schools.

OPINION.

GREEN: The petitioner's argument with respect to the first assignment of error is substantially that in accordance with *Eisner* v. *Macomber*, 252 U. S. 189, no part of the usurious interest, fees or charges here in question is income within the Sixteenth Amendment for the reason that, according to the petitioner, he received nothing of exchangeable value "for his separate use, benefit and disposal" in that immediately upon receipt thereof he became liable under the

108346°—28——52

statutes of Texas and Minnesota to pay back to the borrower at least the amount of the interest received; that at best no income could be said to have been realized until after the expiration of the two-year period within which the borrower could sue and recover back the amount of interest paid; that even at the end of the two-year period the petitioner realized no income because the failure of the borrower to sue amounted to a forgiveness of indebtedness on his part and a gift by the borrower to the lender; that under the Revenue Act of 1918 gifts are exempt from taxation; and that if all of the aforegoing contentions should fail, then, since he reported on the cash basis, only the amount of interest, fees and charges actually received during the respective taxable years was taxable income.

All of the foregoing contentions, with the exception of the very last one, have already been considered by this Board in the *Appeal of James P. McKenna*, 1 B. T. A. 326, in which we held that wagers won by a race-track bookmaker were income within the Sixteenth Amendment and taxable under the Revenue Act of 1918 in the year in which received, although under the laws of the State of Kentucky a loser could, within a certain period, recover his losses from the bookmaker. What we said there is controlling here. See also the following decisions holding that gains from dealings in illicit liquor are taxable. *Steinberg* v. *United States*, 14 Fed. (2d) 564; 5 Am. Fed. Tax Rep. 6160; *United States* v. *Sullivan*, 274 U. S. 259.

On the last contention regarding the first assignment of error the petitioner has failed in his proof. The record contains no evidence as to the amount of interest, fees, or charges actually received during the years in question or the amounts of interest, fees or charges on renewal notes which were not paid during either of those years. Without proof we can not disturb the Commissioner's determination.

In connection with the second assignment of error we believe that the Commissioner erred in not permitting the petitioner to deduct from the gross receipts of usurious interest, fees, and charges the full amounts of losses actually sustained on such loans during 1919 and 1920 since the gross receipts as found by the Commissioner were in excess of the losses for each of those years. *Appeal of Mitchell M. Frey, Jr.*, 1 B. T. A. 338; *Appeal of M. L. Heide*, 2 B. T. A. 451.

The deficiencies should be redetermined by deducting from the gross receipts of interest, fees, and charges for 1919 and 1920 losses in the amounts of $1,292.54 and $2,710.48 respectively.

*Judgment will be entered upon 15 days' notice, under Rule 50.*