E. M. GREEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28981.   Promulgated March 23, 1928.

*George M. Stanton, Esq.,* for the petitioner.
*A. S. Lisenby, Esq.,* and *J. E. Marshall, Esq.,* for the respondent.

## OPINION.

TRAMMELL: It is the contention of the petitioner that the net income determined by the respondent for the years involved was erroneous, in that the respondent had considered the bank deposits as being income without deduction for expenses incurred in connection with the business, fines paid for conviction for violation of the National Prohibition Act, and other expenditures made by the petitioner in carrying on that business, including attorney's fees, and the respondent did not allow for the cost of whiskey sold.

The respondent determined the income by taking the bank deposits from the Augusta banks and did not include any income as shown by the deposits in the Cincinnati bank nor any amount which the petitioner retained in cash and paid out for personal living expenses or for other purposes. The respondent made adjustments in the total deposits on account of transfers of money from one account to another and for the repayment of loans and redeposits. It is not necessary for us to determine here whether the petitioner is entitled

to any deductions with respect to fines for conviction for violation of the Federal Prohibition Act or for expenses incurred in carrying on his illegal business, because we have no evidence from which we could determine what these expenditures amounted to.

The testimony relating to deductions claimed was indefinite and uncertain, no definite amounts being stated, nor was there testimony as to the years in which the expenditures were made. There is some testimony with respect to a loss by theft of $1,250, but we are not advised as to whether that occurred during the years here involved.

The burden is upon the petitioner to establish the correct income for the years involved. *Appeal of E. Muelhoefer & Son*, 4 B. T. A. 586; *F. G. Bishoff*, 6 B. T. A. 570; *McAnelly Hardware Co.*, 9 B. T. A. 361; *Pennant Cafeteria Co.*, 5 B. T. A. 293.

The petitioner undertook to show the taxable income for the years involved by showing his increase in net worth between the beginning of 1919, and the ending of the year 1923, but even if this method were correct, it would not enable the Board to determine the correct net income for any particular taxable year. In any event, it would only show the income for the entire period of years.

We do not consider that this method properly reflects income for the respective years for the further reason that it does not take into consideration personal living expenses or other unallowable deductions the amount of which is not shown in the record.

From a consideration of all the evidence we are unable to determine that the respondent's determination of the deficiencies was erroneous and they are therefore approved.

The petitioner did not at any time file any returns for the years involved. The penalty imposed by the respondent for failure to file return is therefore approved.

*Judgment will be entered for the respondent.*