136

NORTON et ux. v. COMMERCE TRUST
CO. et al.
No. 7224.

Circuit Court of Appeals, Fifth Circuit.
June 5, 1934.

Royce A. Oxford, of Plainview, Tex., for appellants.

H. L. Adkins, of Amarillo, Tex., and J. R. Davis and J. C. Hall, both of San Antonio, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit is to remove cloud from a large body of land in Texas, by canceling a trustee's deed and a deed of trust and, in the alternative, for a money judgment for the excess in value of the land over the debt admitted to be due against it. The grounds are usury making void the contract provisions for interest and the trustee's sale made because of default in interest payments. The claim is that the provisions for accelerating maturity in the notes the original debtor gave so taint the contract with usury that a sale made under the deed of trust for nonpayment of interest is void, not only against the maker of the notes and deed of trust, but also against plaintiff, the purchaser from the original borrower under an express agreement, as part of the purchase price, to assume and pay the indebtedness against the property.[1]

The District Judge found that plaintiff had expressly assumed and obligated himself to pay the $90,000 note with interest at 6 per cent. per annum from April 1, 1928, and had deducted that amount so assumed from the total consideration he had agreed to pay. He concluded that this assumption absolutely bound plaintiff to pay the debt and interest and effectually estopped him from claiming usury or any defect in it. He dismissed plaintiff's bill for want of equity, and, by decree on defendant's cross-bill, quieted its title.

Plaintiff, here as appellant, earnestly presses upon us the enormity of the offense of usury, the far-reaching and drastic effect of the Texas statute (Rev. St. 1925, art. 5071) to sweep the interest out of the contract when, through any device or by any form there is usury through the stipulation for interest in excess of the amount allowed by law. But for the persistence with which appellant presses his case and the earnestness with which he pleads for a different view, we should have thought this a plain case of one wanting to have his cake and eat it too—of one purchasing property for an agreed price and then demanding to keep the property without paying for it.

Appellant's argument entirely overlooks—in fact, it deliberately refuses to see —that, as to him, the mortgage debt does not represent a stipulation to pay interest for the use or detention of money. It represents a flat sum, a part of the stipulated purchase price, which, instead of taking from him in cash, the grantor has required the purchaser to pay to another for the account of the grantor. Usury is a personal defense. It may optionally be waived or asserted by the

---

[1] The deed under which appellant claims the purchase of 23,145.35 acres of land in part provided: "The consideration for which the seller agrees to sell said land and which the buyer agrees to pay therefor is the sum of $7 per acre, the same to be paid as follows: (a) $25,000 to be paid in cash; (b) the buyer agrees to assume an indebtedness owing the California State Life Insurance Company in the principal sum of $90,000 now secured by lien upon the above described lands, due April 1, 1933, and also agrees to assume the interest on said indebtedness accruing from April 1, 1928 to date at the rate of 6% per annum. The balance of the purchase price, that is, the balance remaining after the deduction from the total purchase price of $25,000 in cash and $90,000 and accrued interest assumed by the buyer, is to be paid in two equal annual installments."

maker of the contract affected with it. The grantor had the right to pay the debt as he had agreed to pay it. Instead of doing so, he engaged plaintiff, for a consideration to do it for him. It is neither reasonable nor just to say that plaintiff may refuse to pay the note and yet keep the land. No case has been cited to us, we have found none, contrary to these views. The uniform current of authority, text-book and casebook alike, supports them. Lloyd v. Scott, 4 Pet. 205, 7 L. Ed. 833, holds no more than that under the statutes of Virginia making usury contracts absolutely void as to principal and interest, one who took property subject to a debt was in privity with the debtor and entitled to defend for usury. There was no assumption agreement there as here. The question was neither discussed nor adverted to. No subsequent citation of it has construed it as holding what appellants contend for, that a purchaser who assumes a debt made void as to interest only, as in Texas, may plead usury. On the contrary, it is a recognized and settled federal rule that, while no difficulties of want of privity stand in the way of grantees pleading usury where they have not undertaken as part of the consideration to pay the debt, Simmons v. Stern (C. C. A.) 9 F.(2d) 256, if they have done so, they cannot plead it, Deitsch v. Staub (C. C. A.) 115 F. 309, 317. Some of them, following De Wolf v. Johnson, 10 Wheat. 367, 6 L. Ed. 343, hold that the defense cannot be raised where the purchaser is more than a mere assignee; that is, where he purchased either upon an express assumption or expressly subject to the mortgage, where in short the mortgage enters into and forms part of the consideration. Lefman v. Brill (C. C. A.) 142 F. 44; In re Worth (D. C.) 130 F. 927; American Waterworks v. Farmers' Loan & Trust Co. (C. C. A.) 73 F. 956, 962. These decisions proceed on the ground that one purchasing subject to a mortgage impliedly agrees not to defend against it, because, as the buyer of the equity of redemption only, he has agreed that he is not to have title until he pays the debt the property is subject to, and he therefore may not have it unless he does. This is the Texas rule. Wooten Motor Co. v. First Bank of Swenson (Tex. Com. App.) 281 S. W. 196. There it is held that it is the recognition of the debt, whether by expressly assuming it, or by expressly taking subject to it, which prevents the purchaser from availing himself of defenses his grantor had. If he neither expressly assumes nor expressly takes subject to the debt, he may defend against it. This is the general rule. Moore v. Temple

Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 828; North Texas Bldg. & Loan Ass'n v. Hay, 23 Tex. Civ. App. 98, 56 S. W. 580; Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363; Cordell v. Lincoln National Life Ins. Co. (Tex. Civ. App.) 60 S.W.(2d) 474; Bookhout v. McGeorge (Tex. Civ. App.) 65 S.W.(2d) 512; Williston on Contracts, vol. 1, § 399; Jones on Mortgages (8th Ed.) vol. 2, § 929; Allen v. Traylor (Tex. Com. App.) 212 S. W. 945; Martin v. Temple Trust Co. (Tex. Civ. App.) 67 S.W.(2d) 429; Stuckey v. Middle States Loan, Bldg. & Const. Co., 61 W. Va. 74, 55 S. E. 996, 8 L. R. A. (N. S.) 814, 123 Am. St. Rep. 977.

The decree was right; it is affirmed.