**BARKER et al. v. MAGRUDER, Collector of Internal Revenue.**

No. 6901.

United States Court of Appeals for the District of Columbia.

Argued Nov. 16, 1937.

Jan. 17, 1938.

Meredith M. Daubin, of Washington, D. C., for appellants.

James W. Morris, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Clarence E. Dawson, Sp. Assts. to Atty. Gen., and Leslie C. Garnett, U. S. Atty., and Howard Boyd, Asst. U. S. Atty., both of Washington, D. C., for appellee.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

GRONER, J.

Wardman Mortgage & Discount Corporation is a Virginia corporation with its principal office in the city of Washington. In 1931 it was placed in the hands of receivers appointed in a creditors' suit in the District Court. Appellants here are the receivers. The corporation had failed to file income tax returns for either of the years 1928 and 1929. The Commissioner of Internal Revenue, after an examination, assessed taxes in the amount of $12,514.11 for 1928 and $6,818.60 for 1929. The corporation kept its books on the accrual basis. In 1933 the United States collector in Baltimore (appellee) filed in the District Court a claim in the amount of $24,830.45—principal and interest and penalties on the amount of the two assessments—claiming priority of payment out of the assets of the corporation.[1] The receivers answered and objected to the allowance, and in January, 1936, the court referred the cause to an auditor to examine into and report to the court:

---

Rev.St. § 3466, 31 U.S.C.A. § 191.

(1)   The amount of gross and net taxable income for the years 1928 and 1929 as shown by the books, etc.

(2)   The amount of gross and net income for the years 1928 and 1929 on a cash basis.

(3)   The amount of income accrued, the nature thereof, and cash collected thereon for the years 1928 and 1929.

(4)   The amount of cash loaned to Wardman Construction Company by Wardman Mortgage & Discount Corporation for the years 1924 to 1929, inclusive, and the amount of cash received from the Wardman Construction Company by the Wardman Mortgage & Discount Corporation for the same years.

(5)   The amount and rate of interest accrued against loans to Wardman Construction Company and the rate of discount accrued.

(6)   The nature of the so-called accrued discount.

(7)   Cash payments received by the corporation and applied as collections of interest and discount.

(8)   Credit standing of Wardman Construction Company, Inc., in 1928 and 1929 and its ability to meet its obligations.

(9)   Amount the corporation actually collected as interest for 1928 and 1929 on the notes it held of Wardman Construction Company, Inc.

(10)   Combined charge accrued, both in percentage and amount, for the years 1928 and 1929 as earnings on the notes for money loaned to Wardman Construction Company, Inc.

(11)   A detailed and summary analysis of the charges and credits on the books of the corporation.

(12)   The total, both in percentage and amount, charged Wardman Construction Company, Inc., by the corporation for money loaned on both the note account and the account receivable during the years 1924 to 1929, inclusive.

The auditor took evidence [2] and filed his report which, on hearing, was confirmed, and the court in November, 1936, entered an order allowing the collector's claim.

The auditor's report shows that during the years 1924–26, inclusive, the mortgage corporation loaned the construction company $634,588.28. In 1928 the mortgage corporation accrued on its books as income from the construction company interest at the rate of 6 per cent. amounting to $51,-114 and discount at 9 per cent. (6 months) in the further sum of $34,200. The principal debt at this time had grown from $634,-588.28 to $832,000. In 1929 the mortgage corporation accrued on its books as income $49,920 representing 6 per cent. interest on the indebtedness of $832,000. There was no accrual of discount in 1929. The auditor found that the item of discount of $34,200 accrued for 1928 was in effect additional interest upon the loans and advances made by the mortgage corporation to the construction corporation. The collector concedes that what is called discount really amounted to usurious interest under the applicable statute. On the basis of this concession appellants (receivers) contend that, since the usury statute of the District of Columbia [3] provides that in an action to recover a debt where usurious interest is contracted to be paid the plaintiff may recover only the principal of the debt, the bookkeeping accrual of interest at usurious rates is not the realization of income under the tax laws. In other words, that because under the District statute not only the usurious interest but the lawful interest as well is legally uncollectible, the government should not be permitted to tax, under the claim of income, an amount of which, under the law, the taxpayer cannot enforce payment.

And so the question for decision as appellants frame it may be stated—Is uncollected accrued usurious interest taxable income when accrued as income on the taxpayer's books? The trial court answered the question in the affirmative.

█  The correct answer, as we think, depends not so much, as appellants urge, upon the legal right to enforce collection as upon the existing probability of its being received. Certainly if the interest was actually received in the years in question there could be no contention that the amount was not taxable as income, and this would be true without regard to its legality or illegality. United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037, 51 A.L.R. 1020. This is also true even though the right to require restitution of the payment in a later year is subject to conditions over which the

---

[2] The evidence taken is not included in the record.

[3] D. C. Code 1929, T. 17, § 1 et seq.

taxpayer has no control. For if subsequently, in an action to recover the principal of the debt, the borrower pleaded usury and judgment was entered requiring the lender to apply the interest on the principal of the debt, the latter in his tax return would be entitled to an adjustment of the loss in the year in which the application had to be made, and this is so because the assessment of income taxes is on the basis of an annual accounting period. No rule is better established in tax law than that which requires the taxpayer who derives a profit in a particular year to return it as income in the year when received—even though it may be claimed he is not entitled to retain the money and even though he may be ultimately adjudged liable to restore its equivalent. Brown v. Helvering, 291 U.S. 193–199, 54 S.Ct. 356–359, 78 L.Ed. 725; North American Oil Consol. v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197; Blum v. Helvering, Commissioner, 64 App.D.C. 78, 74 F.2d 482, 484. The rule, as we think, is not different as to accrued income. In the latter case the test is that the amount accrued is likely to be paid or that it can be collected. Corn Exchange Bank v. United States, 2 Cir., 37 F.2d 34; Atlantic Coast Line R. Co. et al. v. Com'r, 31 B.T.A. 730, 749.

In this view the question—the answer to which will decide this case—is whether when the mortgage corporation accrued the interest on its books it had by course of dealing with its debtor or otherwise a reasonable expectancy of receiving the amount so accrued. If it did, the accrual stands like accrued income generally.

This brings us to a somewhat more detailed examination of the auditor's report. From this it appears that while interest and discount accrued in 1928 in the amount of $85,314.00, the amount of cash received and credited to interest amounted in that year to only $291. But in that same year there was received by the mortgage corporation from the construction company, and in cash, $75,137, a sum equal to seven-eighths of the total interest and discount accrued. Apparently this amount was not applied directly on the books of account either to the payment of interest or the reduction of principal. Unless it was a gift, which of course it was not, it must have represented payment on existing loans and, if that is correct, it may be properly assumed that the full amount received by the mortgage corporation was applied to the payment of interest. Such an assumption merely recognizes the general rule in United States courts with regard to the application of an undesignated payment upon a debt; namely, that it shall first be applied to the liquidation of the interest due before any part is applied to the principal. Helvering v. Drier, 4 Cir., 79 F.2d 501, 503. In this view the amount for that year which accrued but was not paid would be approximately one-eighth of the total sum due; and, if the books of account were so improperly kept as to fail to show the application of the payment, the collector is not unreasonable in insisting, first, that the payment be treated as interest, and, second, that in view of its receipt of such a substantial payment the mortgage corporation be held to have had reasonable expectation of receiving the total accrual. We are in accord with this view, and as to the latter point there are other persuasive facts. In the years 1924 to 1926, inclusive, as we have seen, $634,588.28 was advanced by mortgage corporation to construction company. Nothing was advanced thereafter. In 1925 the construction company paid to the mortgage corporation fifty-two thousand odd dollars; in the year 1926, sixty-eight thousand dollars; in 1927, seventy-eight thousand odd dollars; in 1928, seventy-five thousand odd dollars; and in the year 1929, thirteen thousand odd dollars. All these payments, in the absence of agreement, should have been applied to interest. How they were applied does not appear, but that they were not applied to reducing the principal amount of the notes is clear, for example, from the fact that the 6 per cent. interest accrued on notes in 1929 is more than $2,000 greater than in 1928. But all this is really beside the case, for, whatever else may be said of the course of dealing between the parties, the payments in each year from 1925 through 1928 exceeded the total of legal interest and nearly equalled the total of both interest and discount; and in these circumstances it would be going very far to say—whether the payments were considered as applicable to principal or interest—that the mortgage corporation did not at all times have reasonable ground for believing that both principal and interest on the debt would be paid. And this is further emphasized by the fact that notes for half the amount owing were shown on the books as "secured."

In this view, while we may concede that usurious interest ordinarily is of doubtful collectibility by reason of the bar of the

statute, that question is not present in this case. The question here is rather whether at the time it was accrued on the books of this corporation there was in the circumstances then confronting the taxpayer a reasonable anticipation it would be paid. There is no showing here that the construction company was insolvent and, that question being out of the case, the course of dealings between the two corporations and the regularity of payments in the past, in every instance largely in excess of legal interest, created a presumption in favor of payment. The construction company—the borrower—is not pleading usury, and we think that the plea could not be made by the mortgage corporation—the lender—and cannot be made by its receivers. Norton v. Commerce Trust Co. et al., 5 Cir., 71 F.2d 136. Nor do we understand their position to be that they have a right to interpose the plea of usury. Their defense, in simple terms, is that they are not required to pay a tax on money not actually collected and legally uncollectable, even though accrued on their books. The conclusion we reach is that the illegality of the transaction does not affect the obligation to pay a tax, and that here, though the accruals represented legally uncollectable usury, there was at all times a reasonable expectation that they would be paid, and this fact is enough to constitute them income to the same extent as if the several amounts were actually paid. Peyton Du-Pont Co. v. Commissioner, 2 Cir., 66 F.2d 718–722.

In what is said above we have not analyzed the accounts for 1929, because in that year no illegal interest was charged or accrued.

Affirmed.