HEGEMAN–HARRIS CO., Inc., v. UNIT-
ED STATES.

No. 42120.

Court of Claims.

May 31, 1938.

Eugene Meacham, of Washington, D. C., for plaintiff.

J. H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The record in this case shows that the overpayment sought to be recovered is based on the claimed right to change the method or basis on which the taxes for 1928 and 1929 were returned and paid, and finally determined by the Commissioner, from the percentage-of-completion method of computing income from long-term contracts to the completed-contract method. This, we think, the plaintiff may not do. Plaintiff kept its books and filed its return on the accrual basis which has been consistently followed. In keeping its books on this basis plaintiff used in connection with its construction contracts the percentage-of-completion method of accounting by which profits or losses on various contracts were estimated each year and accrued on its books. This method of accounting was recognized and authorized by section 1102(a) of the Revenue Act of 1926, 44 Stat. 9, 112, 26 U.S.C.A. § 1345; section 41 of the Revenue Act of 1928, 45 Stat. 791; and Art. 334 of Treasury Regs. 74 made pursuant to sections 1101 and 1102(a) of the Revenue Act of 1926, 26 U.S.C.A. §§ 1350, 1345. The revenue acts in force during the taxable years, and prior thereto, provided that net income be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed by it in keeping its books, but that if the method employed did not clearly reflect the income the computation should be made in accordance with such method as, in the opinion of the Commissioner, would clearly reflect the income. The statutes further provided that every person liable to tax should keep such records, render under oath such statements, make such returns, and comply with such rules and regulations, as the Commissioner, with the approval of the Secretary, might from time to time prescribe and that the Commissioner should prescribe and publish all needful rules and regulations for the enforcement of the statutes. Art. 334, Regs. 74, in effect during the taxable years, provided with reference to the method of accounting and making returns of income under long-term contracts as follows:

"Art. 334. Long-term contracts.—Income from long-term contracts is taxable for the period in which the income is determined, such determination depending upon the nature and terms of the particular contract. As used herein the term 'long-term contracts' means building, installation, or construction contracts covering a period in excess of one year. Persons whose income is derived in whole or in part from such contracts may, as to such income, prepare their returns upon the following bases:

"(a) Gross income derived from such contracts may be reported upon the basis of percentage of completion. In such case there should accompany the return certificates of architects or engineers showing the percentage of completion during the taxable year of the entire work to be performed under the contract. There should be deducted from such gross income all expenditures made during the taxable year on account of the contract, account being taken of the material and supplies on hand at the beginning and end of the taxable period for use in connection with the work under the contract but not yet so applied. If, upon completion of a contract, it is found that the taxable net income arising thereunder has not been clearly reflected for any year or years, the Commissioner may permit or require an amended return.

"(b) Gross income may be reported in the taxable year in which the contract is finally completed and accepted if the taxpayer elects as a consistent practice so to treat such income, provided such method clearly reflects the net income. If this method is adopted there should be deducted from gross income all expenditures during the life of the contract which are properly allocated thereto, taking into consideration any material and supplies charged to the work under the contract but remaining on hand at the time of completion.

"Where a taxpayer has filed his return in accordance with the method of accounting regularly employed by him in keeping his books and such method clearly reflects

the income, he will not be required to change to either of the methods above set forth. If a taxpayer desires to change his method of accounting in accordance with paragraphs (a) and (b) of this article, a statement showing the composition of all items appearing upon his balance sheet and used in connection with the method of accounting formerly employed by him, should accompany his return."

Under the percentage-of-completion method of accounting employed by plaintiff with reference to construction contracts, the estimated profit or loss on a contract not completed within a given year was determined by charging to the account all items of material and labor applicable to the contract to the end of the year and crediting to the account requisitions to the contractor for payments in accordance with the terms of the contract; the difference between the charges and credits constituted the profit or loss which plaintiff accrued on its books and carried into his tax returns. This method was recognized and authorized by subdivision (a) of Art. 334, Regs. 74. Where the profits or losses under the foregoing method differed from the correct profits and losses determined on the completion of a contract, compensating adjustments were made upon completion of the work. Plaintiff did not include overhead expense in estimating its profits and losses but treated that as separate items, both on its books and as deductions from gross income on its tax returns. The regulations hereinabove quoted authorize the use of the percentage-of-completion basis or the completed-contract basis of accounting for income, and the concluding sentence of subdivision (a) of Art. 334 states that "If, upon completion of a contract, it is found that the taxable net income arising thereunder has not been clearly reflected for any year or years, the Commissioner may permit or require an amended return."

The record in this case does not disclose that plaintiff endeavored to file an amended return for any year pursuant to the provisions of the regulations in order to make adjustment or to correct any error in the determination of its income on the percentage-of-completion basis of accounting employed. The record does show, however, and we have found as a fact that plaintiff made compensating adjustments on its books when the exact amount of profit or loss had been determined for each contract upon completion. In these circumstances the plaintiff, having elected to make its returns and pay its tax upon the percentage-of-completion basis with reference to long-term contracts, is bound by such election and may not later change to a completed-contract basis. The taxing statutes require no more than the method of accounting employed by the taxpayer clearly reflect the income under that method. The provision in the statutes to the effect that if the method of accounting employed does not clearly reflect the income, the computation of income shall be made in accordance with such method as, in the opinion of the Commissioner, does reflect the income, does not authorize a taxpayer to select one or two years from a long period of its business operations and change the method of accounting consistently employed for a long period of time and seek a refund, because, for such year or years, it would have paid less tax if it had kept its books and made its returns on some other basis of accounting. This taxpayer employed a recognized and authorized method of accounting. The Commissioner of Internal Revenue held that this method clearly reflected the income and this record does not establish that the Commissioner's decision was erroneous. The manner of selecting the method of accounting to be used and followed is left to the sound discretion of the taxpayer, the only restriction being that such method must be one that clearly reflects income. See Art. 322, Regs. 74. The record in this case does not establish and plaintiff does not contend that the percentage-of-completion basis of accounting did not clearly reflect its income on that basis. Its only complaint is that by employing the percentage-of-completion method it paid more tax for 1928 and 1929 than it would have been required to pay had it employed the completed-contract method of accounting in reporting its income for tax purposes. For 1928 on the completed-contract basis, plaintiff's tax would have been $15,195.20 greater than the amount shown by its books returned and paid, and for 1929 its tax on the completed-contract basis would have been $17,342.38 less than that paid on the percentage-of-completion basis. The net result on the completed-contract basis for both years would have been an overassessment of only $2,147.20. A change for certain years in any recognized method of accounting is likely to show an additional tax or an

454

overassessment, but this fails to establish that the method of accounting employed does not properly reflect the income for the purpose of taxation. The Commissioner's regulations with reference to the methods of accounting to be employed in determining income for tax purposes under long-term contracts were authorized by law and are reasonable. They therefore have force in effect of law. The employment of the percentage-of-completion method of accounting and the accrual of profits from long-term contracts in the year in which earned does not offend any provisions of the taxing statutes. Where the statute permits an election as to the basis on which income may be returned for taxation, the taxpayer is bound by the basis selected. Pacific National Co. v. Welch, 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. ——, decided May 2, 1938; United States v. Kaplan, 304 U.S. 195, 58 S.Ct. 859, 82 L.Ed. ——, decided May 2, 1938; Le Bolt & Co. v. United States, 67 Ct.Cl. 422, 423. The decisions uniformly hold that where a taxpayer had elected to file returns on either one of two bases prescribed by the Commissioner relating to long-term contracts, such taxpayer is bound to such election and may not later change the basis of reporting income. Ellis v. Commissioner, 16 B.T.A. 1225; Bent v. Commissioner, 19 B.T.A. 181, affirmed 9 Cir., 56 F.2d 99; Fort Pitt Bridge Works v. Commissioner, 24 B.T.A. 626, approved on this point 3 Cir., 92 F.2d 825; Ross B. Hammond, Inc., v. Commissioner, 36 B.T.A. 497; Allhands v. Crooks, D.C.W.D.Mo., 15 A.F.T.R. 633; Paul and Mertens' Vol. 1, Law Federal Income Taxation, pp. 599–600, section 11.108.

Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.