### BARKER et al. v. UNITED STATES.
### No. 42424.

Court of Claims.
April 3, 1939.

Norman Fischer, of Washington, D. C. (Meredith M. Daubin, of Washington, D. C., on the brief), for plaintiff.

J. H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

Plaintiff instituted this suit to recover an alleged overpayment of income tax with interest for 1926 and 1927 in the amounts of $14,405.49 and $14,497.78, respectively, totaling $28,903.27. The basis of the suit is that the Wardman Mortgage & Discount Corporation, hereinafter referred to as the "Corporation," charged its customers, and accrued upon its books and reported as gross income on the accrual basis for each of the years 1926 and 1927, certain amounts as discounts charged on loans made, which discounts, it is alleged, were in reality additional interest in excess of the legal rate of 6 per centum provided in the laws of the District of Columbia. It is, therefore, contended that such amounts did not constitute taxable income.

The defendant demurs to the petition on the ground that it fails to state a cause of action entitling the plaintiff to judgment against the United States.

The allegations of the petition show that the Discount Corporation consistently kept its books of account and made its Federal tax return on the accrual basis of accounting and that for the year 1926 it reported, on the accrual basis, a net income of $106,707.36 and a tax of $14,405.49 which was duly assessed and paid; that for 1927 it reported a net income on the accrual basis of $107,391 and a tax of $14,497.78 which was duly assessed and paid. Thereafter, in 1930, the corporation filed claims for refund which were considered and rejected by the Commissioner of Internal Revenue.

It appears that the Discount Corporation was engaged, among other things, in loaning money on mortgages and otherwise, and that, in making such loans, the corporation charged the borrower the legal rate of interest of 6 per centum and an additional amount designated and accrued on the books as a "discount" in the nature of a commission for making the loan. The total of such discounts charged, accrued, and reported as income for 1926 was $67,-659.44. The amount of interest at 6 per centum on the loans made by the corporation during 1926 and also reported as income was $45,994.61.

The total of the discounts charged by the corporation accrued on its books and reported as income for 1927 was $71,109.59. The interest at 6 per centum on the loans made during this year, which was also accrued and reported as income, was $49,-293.30.

Plaintiffs contend that the net income of the corporation for the years involved should be adjusted by eliminating therefrom amounts of interest and discount reported as income which, they contend, were not income for the reasons (1) that the accrual basis of accounting employed by the taxpayer in keeping its books and making its returns did not clearly reflect its taxable income; (2) that the correct taxable income to the corporation is only that amount collected in cash during each year upon the interest legally due in that year; (3) that the interest, and discount which was in the nature of additional interest, should not be included in taxable income prior to actual collection thereof by reason of the peculiar circumstances of the debtor-creditor relationship and expectations of payments; and (4) that the legal rate of interest in the District of Columbia being 6 per centum and the attempted charge designated and treated as a discount during each taxable year being, in reality, usurious interest, the amount actually collected on account of such debt should, for tax purposes, be deemed to be and treated as a payment by the borrower on the principal of the loan.

We are of opinion that none of the contentions made can be sustained and that the petition does not state a cause of action entitling plaintiffs to recover any portion of the taxes paid for 1926 and 1927. The corporation loaned monies at the legal rate of interest but charged the borrowers, in addition to such legal interest, a so-called discount. It is the position of the receivers that the amount of such discount was in reality additional interest which, when added to the legal rate charged, exceeded, in the aggregate, the rates prescribed by Chapter 1, section 1 et seq., of Title 17 of the Code of Law of the District of Columbia. The usury laws of the District of Columbia were enacted for the benefit of the borrower rather than the lender, and neither the Discount Corporation nor the plaintiffs, as receivers, is entitled to invoke such laws in the circumstances obtaining here. The exact question here involved was presented to and decided by the United States Court of Appeals for the District of Columbia in connection with the tax liability of the corporation for 1928 and 1929 in the case of Barker et al. v. Magruder, 68 App.D.C. 211, 95 F.2d 122. With the opinion of the court in that case, we are in entire accord. In that case the collector filed a claim with the receivers for an unpaid assessment of taxes for 1928 and 1929. The case was referred to an auditor and upon his report the U. S. District Court for the District of Columbia directed that the claim be paid. The receivers prosecuted an appeal, and the judgment of the District Court was affirmed. The receivers advanced the same contentions in that case as are insisted upon here, and the Court of Appeals held that (68 App.D.C. 211, 95 F.2d page 125) "The construction company—the borrower—is not pleading usury, and we think that the plea could not be made by the mortgage corporation—the lender—and cannot be made by its receivers. Norton v. Commerce Trust Co. et al., 5 Cir., 71 F.2d 136."

To the same effect are Johnston v. McLaughlin, 9 Cir., 55 F.2d 1068; Marbelite Corporation of America v. Commissioner, 30 B.T.A. 311, 314. See, also, Terrell v. Commissioner, 7 B.T.A. 773, and Arthur R. Jones Syndicate v. Commissioner, 7 Cir., 23 F.2d 833.

On the decisions cited, we think it is clear that, independent of other considerations, plaintiffs are not entitled to recover. However, plaintiffs argue that because of the usury laws of the District of Columbia and the fact that the borrower might question the right of the corporation to charge the "discount," the accrual method of accounting employed by the corporation in keeping its books and making its returns would not clearly reflect its income and that the tax for the years involved should be computed upon the cash receipts and disbursements basis and the amounts of discounts actually collected during each of the taxable years should be deemed to be a payment on the principal debt and be excluded from income.

■ That which is income within the meaning of the Sixteenth Amendment, Const.U.S.C.A., and the statutes enacted pursuant thereto is taxable notwithstanding it may have accrued or been received in connection with an illegal transaction. United States v. Yuginovich, 256 U.S. 450, 41 S.Ct. 551, 65 L.Ed. 1043; United States v. Stafoff, 260 U.S. 477, 43 S.Ct. 197, 67 L.Ed. 358; United States y. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037, 51 A.L.R. 1020; Steinberg v. United States, 2 Cir., 14 F.2d 564; McKenna v. Commissioner, 1 B.T.A. 326; Green v. Commissioner, 11 B.T.A. 185; Terrell v. Commissioner, supra.

■ The taxability of income is not affected by the fact that the corporation employed the accrual method of accounting rather than the cash receipts and disbursements method. The taxation of income on the accrual basis is consistent with the provisions of the Sixteenth Amendment to the Constitution and is specifically recognized and provided for in the taxing statutes (Sec. 1102 (a) of the Revenue Act of 1926, 44 Stat. 9, 112). The amounts which plaintiffs here seek to have excluded from income for the taxable years in question were definitely charged as such discounts and accrued as income to the corporation in such years. That method of accounting, therefore, clearly reflects the corporation's income on the accrual basis. The taxing statutes require no more than that the method of accounting employed by taxpayer clearly reflects the income under that method. Hegeman-Harris Co., Inc. v. United States, 23 F.Supp. 450, 87 Ct. Cl. 296. See, also, North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197. In this case the court said: "If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." What the court there said is true in a case where the taxpayer employs the accrual method of accounting. An amount which constitutes income under the Sixteenth Amendment and the taxing statutes is taxable in the year in which it accrues in the same way and to the same extent as if it were actually received in cash. Its taxability is not affected because of its illegality. If in a subsequent year the amount becomes uncollectible or a loss is sustained in respect thereof, a deduction on account thereof is then allowable. McDuffie, Trustee, v. United States, 19 F.Supp. 239, 85 Ct. Cl. 212, 226, 227.

Upon the facts with reference to the transactions involved, which facts are as set forth in this opinion, we think it is clear that plaintiffs are not entitled to recover. The demurrer is therefore sustained and the petition is dismissed. It is so ordered.