## ST. REGIS PAPER CO. v. HIGGINS, Collector of Internal Revenue.

### No. 41, Docket 20297.

Circuit Court of Appeals, Second Circuit.

Nov. 8, 1946.

LeBoeuf & Lamb, of New York City (Horace R. Lamb, Leo A. Diamond, and John L. Grose, all of New York City, of counsel), for plaintiff-appellant.

John F. X. McGohey, U. S. Atty., of New York City (John B. Creegan, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This appellant is a New York corporation which in 1936 and 1937 reported as part of its gross income dividends it received in cash on the stock of its wholly owned subsidiary Bates Valve Bag Corporation. These dividends were included in the computation of its adjusted net income which was a factor in determining its undistributed profits for each of those years on which it paid to the defendant collector the surtaxes imposed by § 14 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Acts, page 823. The subsidiary was, in each year, bound by the terms of an indenture, executed by a predecessor corporation when certain debenture bonds were issued, not to declare and pay any dividends in cash. In 1938 the indenture trustee, which had the power to accelerate the payment of principal and interest on the debenture bonds if dividends in cash were paid upon the subsidiary's stock in violation of the indenture provisions, gave notice that each payment of the cash dividends was a violation. The subsidiary then rescinded the declaration of both dividends. The appellant agreed that each payment of the dividends was a breach of the indenture, as indeed it was, and paid back to its subsidiary in 1938 the full amount of the dividends it had received in each of the two previous years. It then duly filed a claim for the refund of the surtaxes it had paid on that part of its undistributed profits which had been computed on the basis of the receipt of the dividends. Its claim for 1936 having been disallowed and no decision upon its claim for 1937 having been entered within six months after its filing, the appellant brought this suit in the Southern District of New York to recover the surtaxes. From a judgment for the defendant after trial by court without a jury, this appeal has been taken.

The additional pertinent facts are that the indenture was executed on August 1, 1927, by Bates Valve Corporation which was organized under the laws of Delaware and will hereinafter be called Bates of Delaware. Thereafter on February 28, 1929, appellant became the successor of that corporation when it acquired substantially all of its property and assumed all of its liabilities and Bates of Delaware was dissolved. Later on March 7, 1929, Bates Valve Bag Corporation, to be called herein

Bates of New Jersey, was organized under the laws of New Jersey. To it the appellant transferred, in return for all of its capital stock, the property acquired from Bates of Delaware, and Bates of New Jersey assumed the liabilities of the former Bates corporation which had previously been assumed by the appellant. When each of the dividends with which we are now concerned was paid, and throughout 1938, all but one of the directors and all but one of the officers of Bates of New Jersey were also respectively directors and officers of the appellant. All of the debentures issued by Bates of Delaware were outstanding when the dividends were declared and paid.

The decisive question is whether the cash dividends paid and received under the above circumstances were part of appellant's gross income in each year under § 22(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 825, which clearly includes gains and profits derived from dividends. It is said by the appellant that since both it and Bates of New Jersey had assumed and were bound by the provisions of the original indenture the receipt of the dividends by the appellant could not be regarded as the receipt of income. The reason being that it was in violation of the indenture provisions and the appellant became only a constructive trustee in possession of the money paid. It is not altogether clear that the transactions did give rise to such a trust or trusts. Since the dividends were both declared out of surplus, the express remedy of the indenture trustee was acceleration of the payment of principal and interest on the debentures and the appellee points out that the indenture provides that the trustee may not sue stockholders, directors or officers of Bates of Delaware for violations of its provisions. By other provisions the stockholders, directors and officers of the successors to Bates of Delaware are put on the same footing.

Yet for present purposes we shall assume that the appellant did put itself in a position where it could have been held liable as the constructive trustee of each dividend it received. Ostensibly it did, as the trial court found, receive each dividend under a claim of right as the owner of the stock on which the dividends were declared. Their declaration violated no law and at most their payment was the breach of a private contract and the recipient was not without all semblance of right and title to them as was the embezzler in Commissioner v. Wilcox, 327 U.S. 404, 66 S.Ct. 546. We think that is enough to distinguish the last mentioned case. Though, as we shall assume, the appellant's claim of right to receive the dividends was a mistaken one it was not entirely baseless nor, so far as appears, due to any ignorance of the indenture provisions. Had appellant persisted in it after the indenture trustee's protest in 1938, substantial questions of law would have had to be resolved in construing all the relevant provisions of the original indenture and the subsequent agreements before repayment by the stockholder of Bates of New Jersey would have been enforced, if at all. But even though it now be conceded that the appellant could have been charged as a constructive trustee, the claim of right under which it did receive the dividends and hold them as its own until some time in 1938 is enough to make them income to the trustee for tax purposes in the year of their receipt. National City Bank of New York v. Helvering, 2 Cir., 98 F.2d 93. See also, North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197; Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725; Jacobs v. Hoey, 2 Cir., 136 F.2d 954; Board v. Commissioner, 6 Cir., 51 F.2d 73; Barker v. Magruder, 68 App.D.C. 211, 95 F.2d 122; Chicago R I. & P. R. Co. v. Commissioner, 7 Cir., 47 F.2d 990. Unless Knight Newspapers v. Commissioner, 6 Cir., 143 F.2d 1007, 154 A.L.R. 1267, is distinguishable on the facts because that case involved only book entries and not the actual payment and receipt of dividends what we have decided is contrary to it. To the extent that it may be, we now, with deference, follow our own prior decision in the City Bank case.

We are reminded that this decision may result in considerable hardship regardless of whether the appellant may lawfully have been entitled to deduct the repayment in 1938 for tax purposes and able to do so as a practical matter. That is to be re

gretted but such a consideration must yield before the firmly established rule that income must be reported and taxed in the year in which as a matter of law it was received. Blum v. Helvering, 64 App.D.C. 78, 74 F.2d 482.

Affirmed.