## FORD et al. v. COMMISSIONER OF INTERNAL REVENUE.
### Nos. 5837–5841.

Circuit Court of Appeals, Sixth Circuit.

July 8, 1931.

F. S. Lewis, of Toledo, Ohio, and Ferdinand Tannenbaum, of New York City (Olvany, Eisner & Donnelly, of New York City, Doyle & Lewis, of Toledo, Ohio, and Mark Eisner, of New York City, on the brief), for petitioners.

A. H. Conner, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, J. P. Jackson, C. M. Charest, and DeWitt M. Evans, all of Washington, D. C., on the brief), for respondent.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

DENISON, Circuit Judge.

By the will of Edward Ford, who died in June, 1920, his estate, which consisted mostly of stocks, was to be distributed in kind as far as possible and equally among five beneficiaries. In December, 1920, the executors

distributed about one-half of the estate, and these petitioners received thereon stocks of the inventory value of some $4,000,000. Certificates were duly transferred so that the legal title passed; and, in 1922, the petitioners received dividends on these stocks amounting to about $570,000. The question is whether these dividends should be considered taxable income for that year. Taxes based thereon were assessed by the Commissioner, and on appeal the Board upheld him.

, By the law of Ohio, the distribution was premature. The indebtedness at the time exceeded the cash in the hands of the executor, and the partial distribution of stocks could be made only if permitted by the order of the probate court. There was no such order. In 1926, the probate court observed this irregularity, and, acting apparently upon its own motion, undertook to set the distribution aside. It was ordered that this distribution was "without authority, illegal and of no effect." It was further ordered that the distributees "account to said executors for the principal and the income of said stock from the date of distribution until December 31, 1922." It was further ordered that the executors might make a redistribution of the same stock to the same persons "as of December 31, 1922," and that the distributees be chargeable with interest on what they had received up to that date. Accordingly, entries were made on the executors' books, charging against the petitioners this total income of 1921 and 1922, with interest to December 31st, and at the same time the petitioners were charged with the principal value of the stocks, which same principal value was credited back to them as of January 1, 1923, these entries all having in fact been made after the order of April, 1926. By the final account of the executors allowed in 1928, it appeared that they stood charged, as debtors to the estate, with the total income for these two years, as if the same were then in their hands.

In fact, the petitioners who received the 1921 and 1922 dividends never paid back any part thereof, and the income taxes for both years, based on the receipt of these dividends, were paid by the petitioners. Later one of them brought suit against the collector to recover the 1921 payment; and the District Court held that the taxes had been unlawfully assessed, the plaintiff had judgment, and the Commissioner, in effect, repaid this 1921 tax to all the petitioners.

We think these 1922 dividends were taxable income received by the petitioners during that year. Certainly they then had complete legal title to the stock and to the dividends. If taxes regularly assessed could be invalidated, an indefinite number of years later, by a consent judgment purporting to vacate the title of the taxpayer to the fund he had reported as income, the necessary system of tax collection would be much impaired. The true normal criterion to be applied in this class of case is the actual receipt and retention during the year in question of what was then considered to be income, not whether the taxpayer exposed himself to possible personal liability.

If it were to be conceded that a taxpayer who, before making his return, or perhaps even later, discovers that what he thought was income was improperly paid to him, and who must and does return it, should be relieved from the tax, the concession does not reach a case where the flaw in his title is only a claim of defect, until at a later time it is established, one way or the other, by a court judgment. In that respect, the case is within the rule applied by the Supreme Court in Burnet v. Sanford & Brooks Co., 282 U. S. 365, 51 S. Ct. 150, 75 L. Ed. 383, and by this court in Board v. Commissioner, 51 F.(2d) 73, decided June 11, 1931. Neither would the concession reach a case where the taxpayer did not repay or give up the income, but only permitted it to be charged against himself as a matter of bookkeeping, knowing that his counter equities were such that the charge against him would be uncollectible.

Even if the order of the probate court should be taken as so far in rem as to bind everyone regarding the invalidity of the stock distribution, petitioners could not prevail. The stock distribution plainly was not void; the transfer of the legal title could not have been void; we interpret the probate court order only as one which found the transaction voidable, and so set it aside. It then became the duty of the parties to restore the status quo, and the dividends which the petitioners had received became a debt from them to the executors. Even though then, in a sense, they lost legal title to the dividend fund, and even though this loss could be carried back by relation four years, still they always had the equitable title. If in 1922 the legal title was one they held in trust for the executors, yet this equitable title of the executors was in turn held in trust for the distributees. We cannot deduce from such a situation nonliability for the income tax.

The judgment of the District Court as to the 1921 tax is not an estoppel in this proceeding. Even considering that suit as one in

208

behalf of all the petitioners, yet the defendant was the collector individually, and the subject matter involved was the 1921 tax.

The order of the Board of Tax Appeals should be affirmed.