## UNITED STATES v. WAMPLER.

No. 17112.

District Court, D. Maryland.

Simon E. Sobeloff, U. S. Atty., and Charles G. Page, Asst. U. S. Atty., both of Baltimore, Md.

Isaac Lobe Straus, of Baltimore, Md., and Fred J. Neuland, of Washington, D. C., for defendant.

CHESNUT, District Judge.

I have carefully considered the motions offered on behalf of the defendant to strike out certain testimony in this case. As to most of the testimony referred to, the motions are based on two contentions: (1) That the testimony tends to show the commission of crimes separate and independent from that charged in the indictment and (2) that the testimony does not tend to show the receipt of moneys by the defendant which may properly be regarded as income.

The first contention is, I think, untenable because it has been clearly decided by the Supreme Court of the United States that income derived from the proceeds of criminal transactions must nevertheless be reported by the taxpayer and is subject to taxation. It was so held in United States v. Sullivan, 274 U. S. 259, 47 S. Ct. 607, 71 L. Ed. 1037, 51 A. L. R. 1020, affirming on this point the decision of the United States Circuit Court of Appeals for the 4th Circuit where the opinion was by Judge Soper, reported in 15 F.(2d) 809. It is clear that the defendant is not being tried in this case for any criminal transaction other than the alleged violation of the income tax laws, but when it becomes necessary and material for the Government, by testimony to establish the violation charged, to show the sources from which the income was derived and this necessarily involves evidence tending to show the commission of other and separate crimes, it cannot be said that the evidence is inadmissible although of course the jury should be instructed very explicitly that the defendant is on trial for the crime charged in the indictment and not for the other incidental violations of law which may be comprehended by the testimony. An examination of a number of reported income tax cases where the source of income resulted from criminal activities will show that the testimony is not inadmissible for the reason suggested in the motion. See for illustration Oliver v. United States (C. C. A. 7) 54 F.(2d) 48; United States v. Commerford (C. C. A. 2) 64 F.(2d) 28; O'Brien v. U. S. (C. C. A. 7) 51 F.(2d) 193. And I do not think the cases support the distinction contended for by defendant's counsel that income obtained by conduct malum in se, as contrasted with conduct malum prohibitum, is to be excluded from taxable income.

A possibly close question of law is raised by the defendant's second contention, that is, that the moneys received and alleged to have been retained by the defendant did not constitute reportable or taxable income. It is

said by defendant's counsel that the income referred to, if the Government's allegations are to be sustained, result from a conspiracy to defraud the witness Dean, participated in by the defendant and, therefore, the money was obtained by fraud and may of course be recovered from the defendant and therefore cannot constitute income. As an original proposition for judicial consideration the point undoubtedly has some substance although there are important considerations adverse to it. It may be thought beneath the dignity of the Government to assess and collect taxes on such illegally gotten gains, but another point of view is certainly equally important for consideration in that there is no just reason why a taxpayer should escape his fair proportion of the burden of taxation because his gains are illegally gotten and thus increase the burden of taxation upon other citizens. It is not sound to consider the Government itself as a partial beneficiary of the defendant's alleged fraud because taxation is a power exercised for the benefit of the nation as a whole. But whatever might have been considered the wiser public policy in dealing with this question as an original one, I reach the conclusion, after study of the important and controlling authorities, that it has been decided adversely to the defendant's contention. In the Sullivan Case the court was dealing with the taxability of a bootlegger's profits from the extensive violation of the National Prohibiton Act. 27 USCA. The considerations pro and con and the authorities decided up to that time are very fully reviewed in the opinion of Judge Soper for the Circuit Court of Appeals in 15 F.(2d) 809, and, as I have said, the opinion on this point was affirmed by the Supreme Court in an opinion written by Mr. Justice Holmes. A similar conclusion was reached by the Judicial Committee of the Privy Council in England on appeal from the Supreme Court of the Dominion of Canada in a case dealing with the same subject-matter under the Canadian Income Tax Law. The opinion of the Supreme Court of Canada is to be found in Dominion Law Reports (1925) vol. 2, page 1137, the title of the case being Smith v. Minister of Finance; and on appeal to the Privy Council the opinion of the court was delivered by Viscount Haldane reported in Law Reports Appeal Cases (1927) page 193. Cases decided by other Courts of Appeal show that moneys received as bribes have been held subject to income tax, and in various cases disposed of in this court heretofore it has been held that moneys obtained by proprietors of gambling houses are taxable. In this very case the taxpayer himself has reported for taxation moneys obtained by games of chance.

It may be suggested that there is a technical distinction as to the nature of the right of the taxpayer to retain and hold, as against adverse claims, moneys secured from illegal transactions in liquor and gambling and from bribes on the one hand, and money obtained by a conspiracy to defraud on the other hand, it being contended that the present case falls in the latter category. The distinction is, however, I think, too narrow and technical to accomplish a difference in result in view of the very comprehensive definition of income contained in the Sixteenth Amendment and in the law itself which includes gains or profits from any source whatever, and as I read the cases the principle announced is broad enough to cover the particular case. The consideration that the money involved in this case may be recoverable at suit of the witness Dean is not conclusive. Under the operation of the income tax law the money, if recovered, would presumably be a taxable loss in the year when recovered but this does not destroy the taxability to the taxpayer of the gain or profit for the year in which it was received and held by him, income taxation being on an annual basis. And as a matter of judicial authority it is noteworthy that the Canadian liquor law under consideration in the case above mentioned provided in section 57 as follows: "Any payment or compensation for liquor furnished in contravention of this act or otherwise, in violation of law, whether made in money or securities for money or in labor or property of any kind, shall be held to have been received without any consideration and against justice and good conscience, and the amount or value thereof may be recovered from the receiver by the party who made the same." (D. L. R. (1925) vol. 2, page 1139) And in discussing the subject-matter Justice Mignault said: "It is argued that the language of this definition is broad enough to include income derived from a business the carrying on of which is expressly prohibited by law. So would it be wide enough to comprise gains resulting from the commission of crimes, such as burglary or highway robbery, if such crimes, as often happens, be resorted to habitually as a means of making a gain or profit." Despite these considerations the bootlegger's income in that case was held taxable by the Judicial Committee of the Privy Council and the latter's decision was cited with approval by Justice Holmes in his opinion in the Sullivan Case.

■■ The exact technical nature of the defendant's acquisition and retention of the moneys involved in the motion to strike out testimony is not certainly and definitely clear. Defendant's counsel argued that the money must be considered to have been embezzled or stolen. As a matter of technical law, as the money was delivered by Dean to the defendant to be applied to a particular purpose, it could not be embezzlement, as a matter of common or statutory law in Maryland, and presumably the same is true as to the District of Columbia. The tendency of the testimony is to show that when the money was actually delivered by Dean to the defendant the amount required to be paid for the settlement of the damage claims involved in the respective cases was still uncertain and therefore unless the defendant was a party to the original conspiracy to defraud it could not be said that the money was obtained by means of either embezzlement, larceny or false pretenses. The defendant denies any fraudulent or criminal participation in the transaction. It seems to me that the most that can be said in support of the defendant's contention on this motion is that the money received by the defendant as attorney for Dean, to be delivered to a particular person, was misapplied, and thus his offense was that of a breach of trust between attorney and client. For the purpose of ruling on the motion, therefore, I do not think it can be said that the defendant is justified in assuming that the testimony shows that the money was either embezzled or stolen or even obtained by false pretenses in the technical sense. The defendant is a lawyer. The alleged income came through the general practice of his profession. It does not become him, and I think is not admissible for him, to set up his own wrongful professional conduct in obtaining income as a lawful reason for escaping the tax thereon. I have noted that Circuit Judge Manton in Rau v. United States (C. C. A.) 260 F. 131, 136, decided in 1919 in passing on an incidental and not the main point in a case, said that money obtained by embezzlement or through the commission of a larceny would not be subject to taxation under the income tax law; and in Steinberg v. United States (C. C. A.) 14 F.(2d) 564, there was a similar situation. Judge Manton in his concurring opinion at page 569 of 14 F.(2d) said: "In Emmich v. United States (C. C. A.) 298 F. 5, an embezzler was convicted, and in Levin v. United States (C. C. A.) 5 F.(2d) 598, a bootlegger was convicted, of making false returns by evading the proper income tax upon their respective incomes. In nei-

ther case does it appear that the question presented here was considered." These two expressions, so far as I have been able to find, are the only judicial support that can be cited for the proposition that the income involved in this case is not taxable.

For these reasons I conclude that the testimony should not be stricken out and the defendant's motions to strike out are overruled and exception noted.

■ Defendant has also moved to strike out all testimony relating to the check for $4,550 said by the Government to have been received by the defendant as part of his income for 1930, and not returned as taxable. The check if received by the defendant was in payment to him of a bill for miscellaneous fees including some part of professional compensation for services in relation to the four special damage claims embraced in the testimony. Defendant's contention is that the whole of the amount of the check must be rejected as income because it includes in part a bill for services in connection with the damage claims and is therefore tainted with the same imperfection as income which relates to any and all moneys received by the defendant from that source. I am unable to adopt this view of the matter not only for the general reasons heretofore announced but because it seems to me that on other and obvious grounds the item was taxable income if in fact received by the defendant.