## SAUNDERS v. COMMISSIONER OF INTERNAL REVENUE and three other cases.

### Nos. 1658, 1662–1664.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1939.

A. W. McHendrie, of Trinidad, Colo. (Horace N. Hawkins, of Denver, Colo., and Vena Pointer, of Pueblo, Colo., on the briefs), for petitioner and appellants.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and George H. Zeutzius, Sp. Assts. to Atty. Gen., on the briefs), for respondent and appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

These are four separate cases. The first is on petition to review a decision of the Board of Tax Appeals, and the other three

are appeals from judgments of the district court of Colorado; and the question common to all of them is whether money which officers of a building and loan association charged and received under claim of right on the sale of capital stock of the association and later returned to the association on the advice of counsel but without their liability to make restoration having been judicially determined, represents income subject to tax.

Miles G. Saunders, Ethel L. Westcott, and Thomas L. Lewis were officers of the Railway Savings and Building Association, a corporation engaged in business at Pueblo, Colorado, during the years 1929, 1930 and 1931. In making their separate income tax returns for the years in question here they included large sums received as commissions on the sale of capital stock of the corporation. The corporation was placed in receivership in July, 1932, and soon thereafter the receiver instituted separate suits against such former officers to recover the respective sums which they had received as such commissions. Acting upon the advice of counsel that they were not entitled to keep and retain any of the sums of money thus received, the defendants settled the suits by delivery of personal property to the corporation. The property delivered was treated as full settlements, and the suits were dismissed with prejudice. The defendants did not file any pleadings, and their liability to the corporation was not determined by any judgment other than an order authorizing the receiver to make the settlements, the judgments of dismissal in the two cases, and the judgment for plaintiff for the conceded amount in the third. This litigation ensued for the purpose of bringing their income tax matters into conformity with the new situation brought about in that manner. In the first case, Saunders petitioned the Board of Tax Appeals for a redetermination of deficiencies in his income taxes for the years 1930 and 1931 in the respective amounts of $981.38 and $140.52; in the second, he brought suit against the United States to recover judgment for $3688.54 as overpayment in income taxes for the year 1929; in the third, Ethel L. Westcott similarly brought suit to recover judgment for overpayment in income taxes for the years 1930 and 1931, in the respective amounts of $8893.15 and $4059; and in the fourth, Thomas L. Lewis sought in like manner to recover judgment for overpayment in income taxes for the years 1930 and 1931, in the respective amounts of $6749.95 and $3738.64. The court denied the right to recover for overpayments, and entered separate judgments against Saunders and Westcott and in favor of Lewis for $68.82 on account of an exemption which is not challenged here. Lewis v. United States, D.C., 17 F.Supp. 543. Resting its action upon that decision, the Board of Tax Appeals decided adversely to Saunders in respect to his asserted deficiencies for 1930 and 1931. Saunders, Westcott, and Lewis perfected separate appeals from the judgments of the court, and Saunders petitioned for review of the decision of the Board. Saunders subsequently died, and Esther A. Saunders, administratrix of his estate, was substituted in his stead.

 Motions were filed in this court to strike the bills of exception in the cases appealed from the district court on the ground that they were settled after the expiration of the term at which the judgments were entered and the motions for new trial were denied, and that such term was not extended for that purpose. The terms of court in the District of Colorado begin at Denver on the first Tuesday in May and November, at Pueblo on the first Tuesday in April, at Grand Junction on the second Tuesday in September, at Montrose on the third Tuesday in September, at Durango on the fourth Tuesday in September, and at Sterling on the second Tuesday in June of each year. 28 U.S.C.A. § 146. Motions for new trial were denied during the May term at Denver. That term automatically expired at the time fixed by law for the convening of the next term at that place, Continental Petroleum Co. v. United States, 10 Cir., 87 F.2d 91; and it was not extended for the purpose of settling these bills either by standing rule or by order entered before the term expired. Orders were entered after that term expired and the November term began, which purported to enlarge the time, but they were wholly ineffective for such purpose. Continental Petroleum Co. v. United States, supra. The court was without jurisdiction to settle the bills after the expiration of the term at which the motions for new trial were denied. Tramel v. United States, 10 Cir., 56 F.2d 142; United States v. Jones, 10 Cir., 78 F.2d 1005; Continental Petroleum Co. v. United States, supra; United States v. Rasmussen, 10 Cir., 95 F.2d 842. The motions to strike are well taken and the bills are stricken.

Coming to the merits, the taxpayers received under claim of right and ownership the fund representing commissions on the sale of capital stock during the years 1929, 1930, and 1931, and retained the unrestricted control of it in respect to use and disposition until the receiver instituted the suits against them in 1932. That was the first time their right to the money was questioned. Revenue thus received under claim of right and without restriction as to use and disposition constitutes taxable income, even though the person receiving it may subsequently be adjudged liable to restore it or its equivalent. North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197; Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725; Ford v. Commissioner, 6 Cir., 51 F.2d 206; Griffin v. Smith, 7 Cir., 101 F.2d 348, 1517.

There was no judicial determination that these taxpayers were obligated to make restoration to the building and loan association. They acted upon the advice of counsel instead of litigating the question to judgment. But it is unnecessary to explore that feature of the situation further. The cases just cited seem to make it plain that when they received the fund under claim of right and ownership, and retained it without restriction as to use and disposition until the suits were filed, it was income subject to tax for the respective years in which it was received, despite the fact that they subsequently made restoration of its equivalent.

The decision of the Board of Tax Appeals and the judgments of the court are severally affirmed.