**KURRLE v. HELVERING, Com'r of Internal Revenue.**

**No. 12082.**

Circuit Court of Appeals, Eighth Circuit.

March 14, 1942.

William M. Moroney, of Washington, D. C. (Francis C. Brown, of Washington, D. C., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Sherley Ewing, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before THOMAS and JOHNSEN, Circuit Judges, and REEVES, District Judge.

REEVES, District Judge.

This is a proceeding to review an order of the Board of Tax Appeals sustaining a deficiency determination for the year 1936. It is agreed that, during that year, the petitioner embezzled $78,247.05 from the First National Bank, Burlington, Iowa, and that, in addition thereto, he received from market operations on the funds thus embezzled the further sum of $40,673.23. The deficiency determination was predicated upon the aggregate of the sums above mentioned. It is the contention of the petitioner that the funds thus admittedly embezzled, together with the earnings thereof, belong to the First National Bank of Burlington, Iowa, and that under the law he is or should be considered a trustee ex maleficio. The Board of Tax Appeals found that the petitioner treated said funds as his own and that, although the defrauded bank might be able to recover from him, yet he remains liable to the government for an income tax on said funds.

It will be seen from the foregoing that the sole question for decision is whether embezzled funds and profits earned by the embezzler through the use of such funds constitute taxable income of the embezzler.

1. The statute defining gross income under the Income Tax Law, Section 22(a), Title 26 U.S.C.A. Int.Rev.Code, enumerates the usually recognized legitimate sources of income, and ends with an omnibus clause as follows: " * * * and income derived from any source whatever." This provision is all-inclusive and, as stated by the Fourth Circuit Court of Appeals in Penn v. Robertson, 115 F.2d 167, loc. cit. 174: "This rule has been frequently applied by the courts with respect to income received and retained in a great variety of circumstances where the income was tainted with illegality. Illustrative cases are— National City Bank of New York v. Helvering, 2 Cir., 98 F.2d 93 (illicit profits to corporate officers) ; Griffin v. Smith, 7 Cir., 101 F.2d 348; Saunders v. Commissioner, 10 Cir., 101 F.2d 407 (excessive commissions or bonuses to corporate officers) ; United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037, 51 A.L.R. 1020 (bootlegging profits); United States v. Commerford, 2 Cir., 64 F.2d 28; and Chadick v. United States, 5 Cir., 77 F.2d 961 (bribes); Chicago, R. I. & P. Ry. Co. v. Commissioner, 7 Cir., 47 F.2d 990 (excessive tariff charges) ; Ford v. Commissioner, 6 Cir., 51 F.2d 206 (dividends on stock prematurely distributed); United States v. Wampler, D.C., 5 F.Supp. 796 (moneys misapplied by an attorney to his own use.)"

In holding that such incomes are taxable the courts have considered the right of claimants who may be entitled to the funds.

In National City Bank of New York v. Helvering, 2 Cir., 98 F.2d 93, loc. cit. 95, the court said: "But there are several cases in which persons have been taxed upon property which could be recovered from them. For example, the lender upon usurious interest—if on an accrual basis— must include his apparent profit in his return, though possibly he may be allowed to deduct it as a loss if the borrower reclaims it. Barker v. Magruder, 68 App.D.C. 211, 95 F.2d 122. Again, when a railroad collects too large fares, the excess is income, though the passengers have a theoretical right of restitution. Chicago, R. I. & P. R. Co. v. Commissioner, 7 Cir., 47 F.2d 990. In Board v. Commissioner, 6 Cir., 51 F.2d 73, 75, an unlawful bonus obtained by a director at his company's expense was held to be income; and, although the taxpayer seeks to distinguish the decision because the company knew of the arrangement, that did not make it lawful."

In support of this reasoning, the court further said (loc. cit. 96 of 98 F.2d) : "Although taxes are public duties attached to the ownership of property, the state should be able to exact their performance without being compelled to take sides in private controversies. Possession is in general prima facie evidence of ownership, and is perhaps indeed the source of the concept itself, * * *. It would be intolerable that the tax must be assessed against both

the putative tortfeasor and the claimant; collection of the revenue cannot be delayed, nor should the Treasury be compelled to decide when a possessor's claims are without legal warrant."

To the same effect is United States v. Rodiek, 2 Cir., 120 F.2d 760, loc. cit. 762. The Supreme Court had occasion to rule on the same question in North American Oil Consolidated v. Burnet, 286 U.S. 417, loc. cit. 424, 52 S.Ct. 613, loc cit. 615, 76 L. Ed. 1197. There the court said: "If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent."

The very recent case of Murray Humphreys v. Commissioner of Internal Revenue, 125 F.2d 340, decided by the Seventh Circuit Court of Appeals January 28, 1942, is in point and follows the above-cited authorities. In that case the petitioner was required to pay a tax, among other items, on $50,000 received as ransom money.

2. The cases relied upon by the petitioner have been examined. For the most part they are those cases where the wrongdoer, at the suit of the victim, was declared a trustee ex maleficio in favor of the victim so as to redress the wrong. Such opinions are consonant with and not opposed to those cases holding that one who received an income, even though wrongfully, is obliged to pay an income tax thereon.

Other cases cited by petitioner are easily distinguishable upon the facts. Chief reliance is placed upon the case of Commissioner of Internal Revenue v. Turney, 5 Cir., 82 F.2d 661. The first syllabus of that case is accurate and shows total inapplicability here: "Tax officials are not required to treat as income money which law unconditionally obligates taxpayer, on his receipt thereof, to pay to another."

The taxpayer had neglected to pay over money to the State of Texas, as agent, and as required by express statute, and, there being some evidence that he laid claim to the fund, able Judge Hutcheson filed a vigorous dissent. Moreover, this case has not been followed and was the subject of adverse comment in National City Bank of New York v. Helvering, supra, 98 F.2d loc. cit. 96.

Whether any right would have existed to a loss deduction, if the funds had been reclaimed and repaid, is not here involved and has not been considered.

The decision of the Board of Tax Appeals is affirmed.