## Willis W. Clark, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 13686. Promulgated October 25, 1948.

*David A. Gaskill, Esq.*, and *William A. Polster, Esq.*, for the petitioner.

*Howard M. Kohn, Esq.*, for the respondent.

674

**OPINION.**

LeMire, *Judge*: Ordinarily, a taxpayer reporting on a cash basis is taxable in each year on all of the income received in that year under a claim of right and without restriction as to its use. *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417.

However, where prior to the close of the taxable year there has been an adjustment of the contract or obligation and a repayment of a portion of the amount received, the tax liability has been determined on the basis of such adjusted amount. For instance, in *Albert W. Russell*, 35 B. T. A. 602, the taxpayer received during 1930 a duly authorized salary of $8,400 from a corporation of which he was president. On December 24, 1930, he agreed with the other officers of the corporation, who were also directors, that in view of the low earnings of the corporation for that year his salary should be reduced to $4,200. Accordingly, on that date he repaid the corporation by check $4,200 of the salary already paid to him. We held that he was taxable in 1930 on the remaining $4,200 only, saying:

* * * Since the 1930 salary of the petitioner was reduced by agreement in 1930 and the petitioner in that year returned one-half of the $8,400 to the

company, he actually received in the taxable year only $4,200 as salary from the Detroit Bevel Gear Co. The action of the respondent in increasing the petitioner's 1930 salary from $4,200 to $8,400 in 1930 is, therefore, disapproved.

See also *Huntington-Redondo Co.*, 36 B. T. A. 116; *Guy Fulton*, 11 B. T. A. 641; *H. B. Hill*, 3 B. T. A. 761; *H. C. Couch*, 1 B. T. A. 103.

The facts here would be identical to those in *Albert W. Russell*, *supra*, if the petitioner had repaid the company the excessive compensation in 1942 in cash instead of by note. The evidence is undisputed that the note was given and accepted in good faith and that the parties regarded it as effectuating the adjustment of compensation agreed upon.

The petitioner contends that he is taxable in 1942 on only $6,000 of the $34,208.14 of the 1941 bonus paid to him in 1942, making his total compensation for 1941 $90,000, as agreed upon prior to the close of the taxable year 1942.

The petitioner and the other officers and directors of the company agreed several months before the close of 1942 that the petitioner would refund to the company any compensation for 1941 in excess of that finally allowed as a deduction to the company. We think that agreement must be regarded as a modification of the petitioner's employment contract of 1939, and that it had the effect of placing a ceiling on the compensation payable to the petitioner for 1941, as well as subsequent years. That this was a bona fide agreement is shown by the fact that the petitioner was not paid more than $90,000 for any subsequent year. The amount of petitioner's compensation for 1941 was ascertainable, with reasonable certainty, in 1942 when the agreement was reached with the Commissioner's representative fixing the amount of the allowable compensation at $90,000. At least, the petitioner knew at that time that the allowance would not exceed $90,000 and that he would have to return to the company at least $28,208.14 of the $118,204.14 which he had received for 1941.

Even if the note may not be regarded as actual repayment, we think that there was a definite obligation on petitioner's part at the close of the taxable year to return the $28,208.14 to the company. In effect, he had overdrawn his authorized compensation by that amount.

In *Commissioner* v. *Wilcox*, 327 U. S. 404, the Supreme Court said that:

* * * a taxable gain is conditioned upon (1) the presence of a claim of right to the alleged gain and (2) the absence of a definite, unconditional obligation to repay or return that which would otherwise constitute a gain.

Continuing, the Court further said:

* * * Without some bona fide legal or equitable claim, even though it be contingent or contested in nature, the taxpayer cannot be said to have received any gain or profit within the reach of Section 22 (a). See *North American Oil* v.

*Burnet*, 286 U. S. 417, 424. Nor can taxable income accrue from the mere receipt of property or money which one is obliged to return or repay to the rightful owner, as in the case of a loan or credit. Taxable income may arise, to be sure, from the use or in connection with the use of such property. Thus if the taxpayer uses the property himself so as to secure a gain or profit therefrom, he may be taxable to that extent. And if the unconditional indebtedness is cancelled or retired taxable income may adhere, under certain circumstances, to the taxpayer. But apart from such factors the bare receipt of property or money wholly belonging to another lacks the essential characteristics of a gain or profit within the meaning of Section 22 (a).

The facts here fit the situation which the Court identified as not constituting taxable gain; that is, the petitioner received property (money) which he was definitely obligated to repay and of which he made no use for his own gain. We think that the Commissioner erred in including the amount in petitioner's taxable income.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

———

TURNER, *J.*, dissenting: It seems to me that in this case the majority of the Court has decided a case different from the one here present. This is not the situation which was involved in any of the cases cited, where the adjustment of salary authorized for a particular year was made within the year. In the instant case, long after both the year and the services for which the compensation was paid had been concluded and the compensation had been paid, the petitioner voluntarily agreed to return a part of the amount received to the corporation. The compensation had been paid to him by the corporation subject to no condition and received by petitioner as his own and under claim of right. It was his to do with as he saw fit and the corporation had no claim upon him with respect thereto. It was his income and taxable to him. *North American Oil Consolidated* v. *Burnet*, 286 U. S. 417. If the salary adjustment had been that of a current year, salary for a year in which the services were not yet complete and the transaction so-called between the officer and his corporation had not become a closed transaction, then there would be adequate basis for bringing this case within the cases cited in the majority opinion. As stated, however, the services had been wholly completed and petitioner had received the salary as his own and under claim of right and his subsequent voluntary return after completion of all acts with respect thereto between the parties can in no way serve to convert the amounts involved into something other than income. Cf. *Corliss* v. *Bowers*, 281 U. S. 376. I accordingly note my dissent.

HILL and DISNEY, *JJ.*, agree with this dissent.