OPINION. Murdock, Judge: Patrick J. Curran and his wife owned all of the stock of the petitioner and of its lessee. Curran was the president of both corporations. He learned in the latter part of 1946 that the revenue agent would not allow a deduction to Liberty for rent in excess of $1,250 a month, which the agent considered reasonable for the premises. Curran agreed to the adjustment made by the agent, determined upon behalf of the lessor to adjust the liability for rent to conform, and caused adjusting entries to be made on the books of the petitioner, as well as on the books of Liberty, reversing the accrual of rent in excess of $1,250 a month. Liberty had actually paid the petitioner during 1945 and 1946, $20,000 in excess of rent at the rate of $1,250 a month, and the petitioner refunded to Liberty that amount of money on January 8,1947. The petitioner reported the net amount of rent accrued on its books for 1946 as due from Liberty. Its books at the end of that year did not show an accrual of a total amount in excess of that reported. In other words, it reported rent in accordance with the method of accounting regularly employed in keeping its books as required by section 41. The Commissioner erred in adding any additional amount to its income for that year on account of rent. Cf. H. C. Couch, 1 B. T. A. 103; H. B. Hill, 3 B. T. A. 761; Guy Fulton, 11 B. T. A. 641; Albert W. Russell, 35 B. T. A. 602; Willis W. Clark, 11 T. C. 672; Eakins v. United States, 36 Fed. (2d) 961. Ruben Simon, 11 T. C. 227, is distinguishable because there the ad-jüstment occurred after tibe close of the taxable year so that the books showed the larger amount of income accrued for that year. There is practically no evidence on the second issue and such as there is fails to show that reasonable compensation for the services of Beatrice Curran was in excess of $400 for 1946 or in excess of $1,200 for 1947. The Commissioner has recognized that the Massachusetts excise tax is a deductible item in computing net income in this case for the year to which that excise tax applies. It is proper to compute, accrue, and deduct the correct amount of state income or excise tax. Taylor Instrument Cos., 14 T. C. 388. The petitioner deducted the amount which it thought would be proper. The Commissioner, thereafter, determined that the net income of the petitioner was greater for 1946 and 1947 than the amounts shown orí the returns. He allowed larger deductions for the Massachusetts excise tax to include that , which would be applicable to the increased income. He now contends that he erred. Obviously, he erred in so far as the increased tax deduction was based upon improper increases in income. However, some of the adjustments made by the Commissioner to increase income were proper. One of those adjustments, the disallowance of a deduction for an officer’s salary, was contested by the petitioner. The increased Massachusetts tax on the additional net income resulting from the disallowance of that deduction was not accruable or deductible in 1946 or 1947. Security Flour Mills Co. v. Commissioner, 321 U. S. 281. The Commissioner, who raised this issue, has not shown that the petitioner disputed any other proper adjustment and the additional Massachusetts tax based on those adjustments was properly allowed as a deduction. Decision will be entered under Rule 60.