John J. Bradley and Elizabeth H. Bradley v. Commissioner. John J. Bradley v. Commissioner.
Bradley v. Commissioner
Docket Nos. 43842, 44843, 44844.
United States Tax Court
1954 Tax Ct. Memo LEXIS 278; 13 T.C.M. (CCH) 207; T.C.M. (RIA) 54076; March 12, 1954
*278 1. Held: None of the funds identified as emanating from petitioner's employer during the taxable years over and above his reported salary constituted taxable income to petitioner. 2. Amount of taxable income realized by petitioner from unidentified deposits to his checking account during the years involved, determined. 3. Held: Petitioner realized taxable income in each of the taxable years 1947, 1948 and 1949 from the payment by his employer of his withholding and social security taxes. 4. During 1948 petitioner was presented with an Oldsmobile automobile by members of the liquor industry. Held, such presentation was a gift and did not constitute taxable income. 5. Held: Petitioner in each year involved is entitled to a dependency credit for support of his mother-in-law. L. E. McNatt, Esq., 1345 Citizens & Southern Bank Building, Atlanta, Ga., for the petitioners. Stanley Schoenbaum, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income taxes of the petitioners in these proceedings, as follows: Docket
Number
Year
Deficiency
44844
1947
$11,034.51
43842
1948
4,535.08
44843
1949
1,158.30
Respondent concedes error with respect to certain adjustments made in his original determination. Such concessions are reflected in the stipulation of facts filed herein by the parties. Findings of Fact The facts stipulated are so found, and, by this reference, made a part hereof. The petitioner in docket numbered 44844 is John J. Bradley, an individual, residing in Atlanta, Georgia. In dockets numbered 43842 and 44843, the petitioners are John J. Bradley and Elizabeth H. Bradley, who, during the calendar years 1947, 1948 and 1949, those here involved, were husband and wife. In such years, the wife petitioner had no separate income. For convenience, the husband petitioner will hereinafter be referred to as *280 the petitioner. The pertinent income tax returns were filed with the collector of internal revenue for the district of Georgia at Atlanta. Petitioner and his wife were married in 1926. Petitioner's wife and daughter have since resided with the petitioner's mother-in-law, who owned an 8-room house and the furniture therein. Petitioner himself resided in the same house for a few months in 1947, at which time he separated from his wife. The rental value of a house comparable to that in question was approximately $50 to $60 per month. Petitioner paid no rent as such to his mother-in-law. Petitioner and his wife separated and he moved out of the house in April, 1947. Thereafter, petitioner continued to give his wife $40 per week and paid all other bills, such as utilities, taxes and medical expenses. Petitioner's mother-in-law had no independent income of her own. During the taxable years, petitioner was employed by the Atlanta Retail Liquor Dealers Association or its successor, the Atlanta Retail Liquor Association (both of which are hereinafter respectively referred to as the Association). Petitioner reported a salary from this source, as follows: 1947
$4,690
1948
5,200
1949
5,200
*281 Petitioner had but one checking account. Respondent determined that deposits were made to petitioner's checking account and included such deposits in petitioner's income, as follows: 1947
$29,633.60
1948
20,803.54
1949
7,900.00 Of the foregoing amounts the following were stipulated not to represent taxable income to petitioner: 1947
$218.51
1948
974.98
1949
450.00
During the taxable years, deposits aggregating the following amounts were made to the checking account maintained in petitioner's name from the sources as shown below: Source
1947
1948
1949
The Association
$18,406.05
$15,900.00
$6,150
Unidentified
11,282.95
4,228.56
1,650
The petitioner received checks from the Association in 1949 which he cashed directly. Some of the proceeds thereof were not reflected in his bank account. Petitioner's salary was $4,690 for 1947 and $5,200 for each 1948 and 1949. The Association paid the withholding and social security taxes for the petitioner for the taxable years 1948 and 1949. The petitioner was presented with a new Oldsmobile automobile at a testimonial dinner given in his honor in 1948. The dinner was *282 given in recognition of the services petitioner had rendered and what he had done for the Association in Atlanta, as well as the industry at large. The cost of the automobile was raised from the sale of the dinner tickets. Such tickets sold at $25 per person. There were 150 to 175 members of the Association at this time and the tickets were offered to each member. Most of those who attended were accompanied by their wives. The co-chairmen of the dinner Charles Rinzler and Mal Gudel, were members of the executive committee of the Association. The members of the honorary committee of the dinner included liquor distributors in Atlanta, Columbus, Savannah and Augusta, Georgia, some of whom were not members of the Association. The Atlanta distributors sold whiskies to members of the Association. Petitioner's activities on behalf of the Association required his presence in Macon, Savannah, Augusta, and other cities. Petitioner's return for the year 1947 was filed on January 7, 1948, and the statutory notice of deficiency was mailed on August 7, 1952. The petitioner reported gross income on this return in the amount of $4,690. The Commissioner originally determined petitioner's gross income *283 for such year to be $30,129. In addition, we make the following ultimate findings. None of the funds identified as originating with the Association during the taxable years, over and above his salary, constituted taxable income to petitioner. Of the unidentified deposits to petitioner's checking account during the years involved, the following represent additional taxable income to him: 1947
$5,000
1948
2,000
1949
800
Petitioner realized taxable income in each of the taxable years 1947, 1948 and 1949 from the payment by the Association of his withholding and social security taxes. The Oldsmobile automobile received by petitioner in 1948 from members of the Association and other persons in the industry was a gift and not income to petitioner. Excepting the rental value of the house owned by his mother-in-law, in which petitioner's family lived, petitioner furnished the entire support of his mother-in-law during each of the taxable years involved. Opinion VAN FOSSAN, Judge: Of the five essentially factual questions here at issue the first is whether deposits made during the years involved by the Association to a checking account standing in the name *284 of petitioner constituted taxable income to him. Respondent has determined and here contends that such deposits represent income to petitioner subject to deductions and expenditures made therefrom on behalf of the Association. Petitioner argues that his bank account was in reality but a sort of secondary account of the Association; that such arrangement was utilized for the convenience of the ailing treasurer of the Association; and that none of the deposits in dispute over which, he says, he had no claim of right, constituted taxable income to him. The uncontradicted evidence of record is to the effect that petitioner received so much of the funds in controversy as have been identified as originating with the Association, over and above his reported salary, under no claim of right, see Commissioner v. Wilcox, 327 U.S. 404; Willis W. Clark, 11 T.C. 672, but with a definite and bona fide obligation to expend them for the benefit of the Association and to account to the Finance and Executive Committees thereof for such expenditures. Had petitioner used such funds to secure a personal gain or profit of tangible value, he might be said to have received taxable *285 income to that extent. But here the evidence is clear that he acquired no such gain, profit or benefit. The "* * * bare receipt of property or money wholly belonging to another * * *" with a legal or equitable obligation or restriction as to its use for the benefit of another "* * * lacks the essential characteristics of a gain or profit within the meaning of sec. 22 (a)." Commissioner v. Wilcox, supra.Thus, deposits identified as emanating from the Association above the amount of petitioner's salary in so far as they were actually expended for the purposes for which they were advanced are not taxable income to petitioner. Ned Wayburn, 32 B.T.A. 813. The evidence on this record considered as a whole establishes to our satisfaction the fact that the entire amount of such deposited funds was so expended and that no part thereof represented taxable income to petitioner. Accordingly, we so hold. Additional unidentified deposits made to petitioner's checking account in each of the taxable years have been explained in part generally as being borrowed funds and funds previously withdrawn for trips, etc., not expended and subsequently redeposited. Such inexact *286 evidence, in our opinion, is insufficient fully to meet petitioner's burden. Therefore, bearing heavily upon the party whose inexactitude is of his own making and doing the best we can with the evidence before us, see Cohan v. Commissioner, 39 Fed. (2d) 540, we have concluded and found as a fact that of the total of such unidentified deposits, the amounts includible in the income of petitioner in each of the years involved, are as follows: 1947
$5,000
1948
2,000
1949
800 Accordingly, we here so hold. Since we have concluded that $5,000 of the unidentified deposits to petitioner's bank account in 1947 constitute additional unreported income to him in that year, and since this amount is in excess of 25 per cent of the gross income reported by him in such year, the five year statute of limitations provided in section 275 (c), I.R.C., applies. The next question is whether petitioner realized taxable income in each of the taxable years 1947, 1948 and 1949 from the payment by the Association of his withholding and social security taxes as determined by respondent. The short answer is that petitioner's proof fails to rebut the *287 presumption of correctness attached to respondent's determination. Respondent is, therefore, sustained on this point. The next matter in dispute is whether the Oldsmobile automobile received by petitioner in 1948 from members of the Association and other persons in the industry was a gift or was compensation for services rendered, and, therefore, taxable as income to him. The undisputed evidence supports petitioner's view that the automobile was a gift to him, inspired by his past services for the Association and the industry as a whole. And as was said in Bogardus v. Commissioner, 302 U.S. 34, a "* * * gift is none the less a gift because inspired by gratitude for the past faithful service of the recipient. * * *" See also Frank T. Knowles, 5 T.C. 525; Schall v. Commissioner, 174 Fed. (2d) 893. Respondent is reversed on this issue. There remains the question of whether petitioner is entitled to a dependency credit for his mother-in-law in each of the years involved pursuant to section 25 (b) (1) (D). Respondent does not dispute the fact that petitioner furnished the entire support of his mother-in-law, excepting rent of quarters. She had *288 no independent income in any amount unless the rental value of the house which she owned and in which petitioner's family, excluding himself for all but a few months in 1947, lived, be construed as constituting income to her. On the evidence, the proportionate part of the rental value attributable to petitioner's family aggregated less than $500 per year, while the support furnished by petitioner reasonably exceeded that amount. We hold that petitioner was justified in claiming his mother-in-law as a dependent. Decisions will be entered under Rule 50.