Estate of Charles F. McNamee, Deceased, Arthur V. Selig, Executor, and Estate of Edna A. McNamee, Deceased, Arthur V. Selig, Executor v. Commissioner.
Estate of McNamee v. Commissioner
Docket No. 88822.
United States Tax Court
T.C. Memo 1964-112; 1964 Tax Ct. Memo LEXIS 224; 23 T.C.M. (CCH) 647; T.C.M. (RIA) 64112; April 27, 1964
*224 Money contingently paid to Charles F. McNamee periodically during the year 1953 as salary, the payment being contingent on the payor corporation having sufficient earnings to pay a 6 percent dividend on preferred stock, held not income to the payee where within the year the corporation determined it did not have sufficient earnings to pay both the dividend and salary, and upon such determination reversed the salary entry on its books. Jay S. Goodman, 225 Broadway, New York, N. Y., for the petitioners. John E. McDermott, Jr., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent has determined a deficiency in income tax for the calendar year 1953 in the amount of $2,324.30 and an addition to the tax of $116.22 under section 293(a), I.R.C. 1939. Originally, there were four issues in this case. The parties have agreed that three of the issues are resolved by the stipulation filed by the parties, including the withdrawal by the Commissioner of his assertion of an addition to the tax due to negligence under section 293(a). This leaves only one issue, viz, whether payment made to Charles F. McNamee in 1953 by the Sedgwick *225 Corporation in the amount of $7,000 should be included in Charles F. McNamee's income for such year. The case is submitted on a stipulation of facts, exhibits, and oral testimony. Findings of Fact The stipulated facts are so found. Charles F. McNamee and Edna A. McNamee filed the petition in the present case. Both died thereafter and the Estates of Charles F. McNamee and of Edna A. McNamee have been substituted as parties petitioners in this case. Edna A. McNamee is involved because she and Charles filed a joint income tax return for the calendar year 1953 with the district director of internal revenue for the lower Manhattan district, New York, N. Y. Income was computed on the calendar year and cash basis. In 1951 Charles F. McNamee formed the Sedgwick Financial Corporation, hereinafter called Sedgwick or Corporation, under the laws of the State of New York, for the purpose of engaging in the business of financing business enterprises. He was president of such Corporation during the year in issue. During 1953 Sedgwick Financial Corporation had 5,100 shares of common stock issued and outstanding. Edna A. McNamee owned 2,915 of such shares. The Corporation also had 2,600 shares *226 of preferred stock issued and outstanding of the par value of $100 per share. Edna A. McNamee owned 365 of such shares. The remainder of the shares of common and preferred stock were owned by approximately 50 other shareholders. Charles F. McNamee owned no preferred or common stock. The Corporation did substantial business and reported a net income for the taxable year 1953 of $28,847.60 and a tax due thereon of $9,500.75. However, for this year the Corporation had an unallowable deduction of $5,600 which reduced its actual income to $23,247.60. It paid a dividend of $15,000 on its preferred stock. Its surplus at the beginning and end of the year was $2,127.97 and $874.82, respectively, a decrease of $1,253.15. Charles F. McNamee received $7,000 from the Corporation in periodic amounts during the year 1953 which the Corporation treated on its books as salary in the following manner: the Corporation made monthly debits to the expense account "Officers' Salaries - CFM" for the amount of the payments. The Corporation withheld tax on payments made to Charles F. McNamee and reported such tax withheld on its quarterly withholding tax returns, Form 941, for 1953. On the last day of *227 the corporate fiscal year October 31, 1953, the Corporation credited the expense account "Officers' Salaries - CFM" for the amount of $7,000 and debited the account "Loans Payable, E. Lanning," $7,000, thereby changing the accounting treatment of the amounts paid to Charles F. McNamee. E. Lanning is the maiden name of Edna S. McNamee. The Corporation made the following entry to explain such change: "Officers' salaries waived by Charles F. McNamee." On March 31, 1954, the Corporation again changed the accounting treatment of the payment to Charles F. McNamee. The Corporation credited the account "Loans Payable, E. Lanning," thus restoring the $7,000 to that account, and debited the account "Loans Receivable, Charles F. McNamee." Sedgwick did not take a deduction for the $7,000 paid to Charles F. McNamee on its corporate income tax return for 1953 and, in fact, did not take any deductions for officers' salaries. An agreement existed between McNamee and the holders of the Corporation's preferred stock that they were to receive an annual dividend of 6 percent before McNamee was entitled to a salary from the Corporation. At a meeting of the directors of the Corporation in December *228 1953 it was determined that the Corporation did not have sufficient earnings to pay both the dividend on preferred stock and the salary to McNamee. McNamee received no salary from Sedgwick Financial Corporation of which he was president during the year 1953. Opinion Salary income received during the taxable year under a claim of right and without restriction as to its use is normally taxable to the recipient. However, where prior to the close of the taxable year there has been an adjustment of the contract or where the retention of the sums paid as salary was contingent on the happening of an event such as the amount of the corporate earnings, then the sum received may not be taxable as income. Willis W. Clark, 11 T.C. 672; Albert W. Russel, 35 B.T.A. 602. Such a situation exists in the instant case. Charles F. McNamee received periodically certain sums which were tentatively entered on the books as salary. However, there was an understanding or agreement that unless the earnings of the Sedgwick Corporation were sufficient to pay the full 6 percent dividend on the preferred shares, McNamee would receive no salary during that year. Before the end *229 of the year, it was determined that after the payment of the preferred dividends there was not enough left to pay the $7,000 salary. Whereupon, the Corporation reversed its entries and treated the sums paid to McNamee as in fact the payment of a loan to Edna McNamee, and entries to that effect were made on the books of the Sedgwick Corporation. The Corporation did not take a deduction and Charles F. McNamee did not treat the sums he received as salary. It is obvious that the Corporation's actual income of $23,247.60 was insufficient to pay the cash dividend of $15,000 and $9,500.75 of income tax. In order to pay these two items, the Corporation had to resort to its surplus at the beginning of the year to the extent of $1,253.15. We think the directors were justified in determining as they did that the Corporation did not have sufficient funds to pay both the dividend and the salary. We hold the $7,000 is not taxable to Charles F. McNamee, deceased. Decision will be entered under Rule 50.