JOSEPH R. AND MARTHA T. EWERS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ewers v. Commissioner
Docket No. 30449-81.
United States Tax Court
T.C. Memo 1983-106; 1983 Tax Ct. Memo LEXIS 680; 45 T.C.M. (CCH) 802; T.C.M. (RIA) 83106; February 22, 1983. Joseph R. Ewers, pro se. Dennis *681 R. Onnen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $14,117.20 in petitioners' Federal income tax for the year 1978. After concessions by the petitioners, the only issue for decision is whether severance pay of $47,377 received by petitioner Joseph R. Ewers in 1978 is includable in his gross income in its entirety for that year or whether $26,435.23 thereof can be deferred for income tax purposes until 1979. FINDINGS OF FACT Most of the facts have been stipulated and are so found. Joseph R. Ewers and Martha T. Ewers (petitioners) are husband and wife who resided in Austin, Texas, at the time they filed their petition in this case. Petitioners filed a joint Federal income tax return for the taxable year 1978 with the Internal Revenue Service Center at Memphis, Tennessee. Joseph R. Ewers (hereinafter individually referred to as petitioner) was president of the Federal Home Loan Bank of Indianapolis, Indiana, until October 1, 1978, at which time he resigned at the request of the Board of Directors. The resignation resulted from an ongoing disagreement between the petitioner *682 and the Board as to certain policies and procedures of the bank. At the time of his separation the petitioner was given compensation of $47,377, which was equivalent to salary for 6 months and 30 days of annual leave. The $47,377 was included in petitioner's Form W-2 (Wage and Tax Statement) for 1978 which was given to him by the bank. The severance pay was intended to allow petitioner sufficient time to find suitable employment. Several members of the Board of Directors, including Richard O. Ristine, the Chairman, Robert E. Powers, the Vice Chairman, and Charles D. Swisher, the Assistant to the President and Vice President of Administration and Personnel, recall that the Board of Directors intended that the severance pay would be made over a period of 7 months beginning October 1, 1978. The payment was made in part to provide for the continuation of other related benefits. However, there was no resolution of the Board which specified such arrangement. Other members recall that the Board was not consulted or informed regarding the method or timing of the payment, but that the matter was left in the hands of Mr. Ristine and Mr. Powers. It is not known who authorized the *683 lump-sum payment in October 1978. In 1978 the petitioners were on the cash method of accounting for Federal income tax purposes. On his Federal income tax return for 1978 the petitioner reported three-sevenths ($20,941.77) of the severance pay in his gross income. The remaining four-sevenths ($26,435.23) was reported as income in 1979. In his notice of deficiency dated October 8, 1981, respondent increased petitioner's taxable income by $26,435.23 to reflect the entire amount of the severance pay he received in 1978. OPINION There is no dispute concerning the characterization of the severance pay received by petitioner. It was paid as compensation for services previously rendered to the Federal Home Loan Bank of Indianapolis and, as such, it was taxable to petitioner as ordinary income. See section 1.61-2(a), Income Tax Regs. The controversy is whether all or part of the amount received ($47,377) should be included in petitioner's gross income for 1978. Petitioner contends that since it was the intention of the Board of Directors of the Federal Home Loan Bank to pay him severance pay in seven monthly installments beginning October 1, 1978, he was entitled to prorate *684 the severance compensation and defer $26,435.23 thereof to the year 1979. To the contrary, respondent contends that all of the amount paid to petitioner in 1978 was includable in his gross income for that year. We agree with the respondent. Section 451(a) [1] provides that the amount of any item of gross income shall be included in the gross income for the taxable year in which received by the taxpayer unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period. The law is clear that gains, profits and income are to be included in the gross income of a cash basis taxpayer for the taxable year in which they are received. See section 1.451-1(a), Income Tax Regs., and section 1.446-1(c)(1)(i), Income Tax Regs. Since the petitioner was on the cash basis method of accounting, the entire amount of severance must be included in his gross income for 1978 because the entire amount was received by him in that year. Regardless of the intention of the Board of Directors *685 of the bank, the entire amount of the severance pay was actually paid to petitioner in 1978 with no strings attached. Cf. Saunders v. Commissioner,101 F.2d 407 (10th Cir. 1939); Jackson v. Smietanka,272 F. 970 (7th Cir. 1921). All of it was subject to his unfettered use and control in that year. [2] Cf. Satz v. Commissioner,T.C. Memo. 1976-344. Accordingly, we sustain respondent's determination. [3]
Petitioner asserts that he should be entitled to the benefits of income averaging. In this respect we note that income averaging was allowed by respondent when the deficiency for 1978 was *686 computed. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect during 1978.↩
2. Petitioner did not repay any of the $47,337 he received in 1978. If he had repaid any part of it in that year, he could have excluded that part from his gross income. See and compare Russel v. Commissioner,35 B.T.A. 602, 603-604 (1937); Clark v. Commissioner,11 T.C. 672, 675-676↩ (1948). 3. It may be that the petitioner is entitled to a refund of tax paid for 1979 as a result of having reported $26,435.23 as income in that year if he files a timely claim therefor. See sections 6511(a) and 6513(a).↩